Nash, C. J.
 

 We think there was error both in the rejection of the testimony offered by the defendant, and in the ruling of the Court upon the statute of limitations. The defendant received the note from the plaintiff for collection in 1844. It was admitted that he had collected it from Carroway, one of the debtors in the note. He averred he had paid the amount to the present plaintiffs, and with other evidence to that point offered to prove that the plaintiff and defendant and Carroway all lived near each other ; that they were in the habit of meeting almost daily ; and that the plaintiff, from the time the remaining money was paid to the defendant, to the issuing of the warrant in this case, was greatly pressed by executions and otherwise for money. As to the weight of this evidence — whether much or little — the jury were the exclusive judges. We think it was competent and ought to have been submitted to them. A jury is entitled to hear
 
 *297
 
 any evidence which has a natural and necessary connection with the subject of inquiry, and from which they would be legally authorized to presume the fact to be as alleged. In
 
 Fleming
 
 v.
 
 Straley,
 
 1 Ire. 305, where one of the questions was as to the domicil of the plaintiff at the time the writ was issued, the defendant proved that he had gone from one county to another, as evidence that he had abandoned his first domicil; and the plaintiff was suffered to rebut it by showing that it was not so considered in the father’s family, where the plaintiff lived. So where a merchant renders his account to his customer, in order to show the latter’s assent to its correctness, he may prove that the latter retained it without objection.
 
 Webb
 
 v. Chambers, 3 Ire. 374. In both these cases the testimony was admitted, because it bad a tendency to prove the point in issue, to wit, the domicil in the oiré case, and the correctness of the account in the other. From the evidence ruled out by liis Honor, the jury might have inferred, in connection with the other circumstances in evidence, that the defendant had discharged the plaintiff’s claim. The evidence was pertinent to the point in issue.
 

 We think there was error also in the ruling of the Court upon the statute of limitations. The defendant lost no time in taking the necessary steps to collect the money due the plaintiff. A judgment was obtained and levied upon the property of Carro-way, one of the defendants. On the day of sale, which was within a month after the note had been put in the hands of the defendant, the parties, that is, the present plaintiff, the defendant and Carroway, met at the house of the latter, where the sale was to be had. At that time Carroway paid to the defendant one-half of the debt, who immediately paid it to the plaintiff. It was then agreed between Carroway and the present defendant that the latter should pay the balance of the judgment to the plaintiff, and if the defendant should fail to make the money out of Aus-born, the other defendant in the execution, that Carroway should repay it to him. The present plaintiff was present, and by his conduct agreed to the arrangement. JBy that arrangement, the defendant admitted he had the money in his hands, and it amounted to a demand on the part of the plaintiff. The latter had attended on the day of sale to receive his money — it was in
 
 *298
 
 his power to coerce a gale. Suppose a sale had taken place, or Carroway, the defendant in the execution, had paid the officer tire whole of the money, and the officer had said to the plaintiff—
 
 “
 
 I will pay you next week ” — would it have been necessary for the plaintiff, to entitle himself to a verdict, to have proved any other demand? Certainly not. This arrangement between the parties was, in substance and effect a demand, and set the 'statute in motion ; and seven years having elapsed after it was entered into, and before the action was brought, the plaintiff is barred by it.
 

 PER CuRiam. Judgment reversed, and
 
 venire de novo
 
 awarded.