JAMES A. MURPHY

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1899.*

TAXES—*Improvement act of 1897 does not affect county court's jurisdiction to hear applications for sale.* The changes made in article 9 of the City and Village act by the act of 1897, relating to local improvements, do not affect the jurisdiction of the county court, under the constitution and the Revenue act, to hear and determine an application for judgment of sale for a delinquent special assessment.

APPEAL from the County Court of Cook county;  the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and DENIS F. SULLIVAN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon an application of the county collector for judgment against appellant's lands delinquent as to a special assessment, and for an order of sale, he filed a special appearance and questioned the jurisdiction of the county court to entertain the application, on the ground that

such jurisdiction was taken away by an act entitled "An act concerning local improvements," in force July 1, 1897. The special assessment was confirmed by a judgment entered February 24, 1897, under article 9 of the general law for the incorporation of cities and villages, regulating special assessments for local improvements. The court overruled appellant's objection and entered judgment.

By section 18 of article 6 of the constitution original jurisdiction is conferred upon county courts in proceedings for the collection of taxes and assessments, and in pursuance of that provision of the fundamental law the general Revenue law provides for applications to the county court for judgment and order of sale for taxes and special assessments on delinquent lands and lots. (Hurd's Stat. chap. 120, sec. 185.) Of course, the constitution is unaffected by legislation, and it is not claimed that the provision of the general Revenue law has been repealed. The act of 1897, which it is insisted took away the jurisdiction, made changes in the method of originating and levying special assessments and repealed the provisions of article 9 of the act for the incorporation of cities and villages in relation to such methods, except so far as such provisions were saved by the proviso of the repealing section; but there is no inconsistency or antagonism between the two acts in the provisions made for the collection of special assessments. The application for judgment and order of sale is to be made, in each case, in the same manner to the county court, which is invested by the constitution with the power to hear the application and enter judgment. The county court was right in holding that it had not been deprived of jurisdiction.

The judgment is affirmed.          *Judgment affirmed.*