CLINE & WILKIE v. ALICE RUDISILL.

(Decided May 15, 1900.)

*Tender and Payment Into Court by Defendant—Money Withdrawn by Plaintiffs—Effect—The Code, Section 574.*

1. Money tendered and deposited into court by defendant with costs accrued, "in full tender of all indebtedness of defendant to plaintiffs," if withdrawn by plaintiffs, pending the litigation, amounts to a satisfaction of their claim, and subjects the plaintiffs to all subsequently accruing costs.

2. The plaintiffs can not counteract the legal effect of their withdrawing and appropriating the money, by claiming a balance as still due from the defendant—they accept the money upon the condition and terms annexed.

CIVIL ACTION for work and labor and materials furnished in building house for defendant, tried on appeal from Justice's Court, before *McNeill, J.,* at October Term, 1899, of LINCOLN Superior Court.

Before judgment, the defendant tendered and deposited with the Justice $18.93, and accrued costs, for the use of the plaintiffs, "in full tender of all indebtedness of defendant to plaintiffs." The Justice afterwards rendered judgment in favor of plaintiffs for $33.95 (of which $18.93, as stated,

CLINE *v.* RUDISILL.

had been paid into court). The defendant appealed to the Superior Court, and while the case was there pending, the plaintiffs withdrew the money, leaving the following receipt: "Received of S. P. Sherrill, J. P., the $18.93 paid into court, and the fees to use of plaintiffs. This money is taken out and receipt given after judgment, the plaintiffs claiming still the balance due." Upon the foregoing facts, his Honor adjudged that the defendant go without day and recover of plaintiffs the costs accruing since the appeal, to be taxed by the clerk.

Plaintiffs excepted and appealed to Supreme Court.

*Mr. L. B. Wetmore,* for appellant.
*Mr. D. W. Robinson,* for appellee.

FAIRCLOTH, C. J. This action commenced before a Justice of the Peace on March 4, 1899, for work and labor and materials for building a dwelling-house. On March 13, 1899, the defendant tendered and deposited with the Justice of the Peace $18.93, and accrued costs, for the use of the plaintiffs "in full tender of all indebtedness of defendant to plaintiffs." On March 14, the Justice rendered judgment in favor of the plaintiffs for $32.95 ($18.93 of which has been paid into court as above stated), against the defendant, who then and there appealed to the Superior Court.

On April 15 following, the plaintiff's attorney filed this receipt (the appeal then pending in the Superior Court): "Received of S. P. Sherrill, J. P., the $18.93 paid into court, and the fees, to use of plaintiffs. This money is taken out and receipt given after judgment, the plaintiffs claiming still the balance due."

At the trial his Honor adjudged that the defendant go without day, and recover costs accruing since the appeal.

. The facts were agreed to by counsel. When the plaintiffs accepted and received the amount of the tender and deposit, they did so with the condition and terms annexed, to-wit: "In full tender of all indebtedness of defendant to plaintiffs." They could not inject other terms into the contract without the defendant's consent.

The question presented is sufficiently discussed in *Kerr v. Sanders,* 122 N. C., 635. Code, sec. 574.

Affirmed.