FERTILIZER COMPANY v. W. A. BROCK ET AL.

(Filed 20 February, 1924.)

Judgments—Admissions—Conditions—Appeal and Error.

> Where the defendant in an action upon a joint note admits his liability for one-half thereof, and contends he is not further liable under an agreement between himself and the payee, it is reversible error for the trial judge to enter judgment against him for one-half, and ignoring the conditions claimed by him, submit to the jury his liability for the other half.

APPEAL from *Bond, J.,* November Term, 1923, of PASQUOTANK, from an order of the clerk refusing to sign judgment tendered by the plaintiff.

On 1 May, 1922, the defendants signed the note sued on. The plaintiff brought suit against both of the makers. The defendant Mann filed no answer, but the defendant Brock filed an answer, admitting his liability for one-half the note, less a credit of $419 which he personally had paid, alleging that it was agreed at the time of the execution of the note that he was to be bound for only one-half, and that the payee had expressly agreed to release him from any and all liability over one-half.

Bond, J., signed the judgment in the record against the defendant Brock for one-half the note, less the credit which he had paid, and ordered that the question as to his liability upon the other half be submitted to a jury, without prejudice to the plaintiff.

The plaintiff contended that there was no issue raised by Brock's answer to be submitted to the jury except his liability on the second half, or Mann's half, of the note, and as to that he had expressly admitted his liability, and there were no facts to be found by the jury. In the Superior Court the defendant W. A. Brock was permitted to amend his answer to aver that said one-half was to be in full and complete satisfaction of plaintiff's claim against said Brock. The court entered judgment against said Brock for $2,243.74, with interest from date of judgment, being one-half of the full amount of the note, deducting the payment of $419, and ordered that the question of the liability of the defendant W. A. Brock upon the remainder of the note or bond sued upon should be submitted to a jury. From this judgment the defendant Brock appealed.

*Aydlett & Simpson for plaintiff.*
*Ehringhaus & Hall for defendant W. A. Brock.*

CLARK, C. J. The tender by defendant Brock of judgment, he contends, was conditioned upon its being taken by plaintiff in full satisfaction, so far as he was concerned, of the claim set out in the complaint.

The judgment of the court ignores such condition and gives judgment for the one-half (deducting payment of $419), and reserves for future trial and determination plaintiff's claim for the balance of the amount sued on.

A tender of judgment of an amount less than the amount sued on, in full satisfaction, is like a tender of cash for a less amount than is claimed by the plaintiff. A plaintiff cannot reap the benefit of such tender made by a defendant without accepting its burden as well. In such case the judgment must be set aside in its entirety unless it is admitted by the plaintiff to be in full of his demand in accordance with the tender. *Cline v. Rudisill,* 126 N. C., 523.

In *Stewart v. Bryan,* 121 N. C., 46, where the complaint sets up two causes of action—one for indebtedness due on a note, and the other for fraudulent conversion of money—it was held that a judgment entered by default was presumed to be on the note, as a judgment by default final could be entered thereon, but the cause could not be retained as to the charge of fraud, as to which there is no such presumption.

In 23 Cyc., 731, it is held that where the defendant in his pleadings admitted the plaintiff's cause of action against him to a specific limited amount, the latter will be entitled to take judgment on that amount, but the admission must be distinct and unequivocal and not conditional, and that where the defendant's answer admits the justice of a portion of plaintiff's demand, the plaintiff, while entitled to take judgment for

the amount so admitted to be due, could not proceed to trial upon the remainder of the claim at common law, but added that this has been permitted by statute in several States, which are there cited, especially Alabama, Louisiana, New York, Ohio, Pennsylvania, and Wisconsin.

It would seem that, upon the facts in this case, the rule laid down in the States above cited, allowing judgment for the amount admitted to be due, and reserving for jury trial that which is not admitted, might be the more logical and better course; but upon the authorities this was not allowed at common law, and as we have no statute making a change in this respect, the judgment rendered in this case must be set aside.

The plea of the defendant must be taken as intended to be conditional upon its acceptance in full of the plaintiff's entire demand, and, not having been so accepted, the entire case must stand to abide the decision of the jury.

New trial.