JOAN B. CARROLL v. McNEILL INDUSTRIES, INC.

No. 7727DC728

(Filed 20 June 1978)

1. Accounts § 2— account stated—defense of mistake

    In an action by plaintiff to recover liquidating dividends where defendant claimed by way of set-off that plaintiff owed defendant $3000 on an open account loan, the trial court properly denied defendant's motions for summary judgment and directed verdict where defendant claimed that plaintiff's signature on an audit statement and the entry of $3000 in plaintiff's books as an account payable established as a matter of law the existence of an account stated between the parties, but plaintiff alleged that her signature on the audit slip was intended only to acknowledge her receipt of the $3000 from defendant and thus raised the defense of mistake.

2. Accounts § 2— account stated—admissibility of parol evidence

    Where defendant claimed that plaintiff's signature on an audit statement and the entry of $3000 in plaintiff's books as an account payable established as a matter of law the existence of an account stated between the parties, but plaintiff contended that she signed the audit slip under the mistaken belief that it merely acknowledged her receipt of the $3000 from defendant, such testimony was sufficient evidence of mistake of fact to prevent the formation of the agreement requisite to the creation of an account stated, and parol evidence was therefore admissible and competent to attack the validity of the account stated.

APPEAL by defendant from *Phillips (J. Ralph), Judge*. Judgment entered 26 May 1977 in District Court, GASTON County. Heard in the Court of Appeals 31 May 1978.

Plaintiff instituted this action against defendant corporation to collect liquidating dividends on the 400 shares of stock she

owned in defendant. At the time of the filing of this action, her share of the liquidating dividends was $500.00. At the time of trial, this amount was $1,760.00.

Defendant answered, admitting plaintiff's entitlement to liquidating dividends, but claiming by way of set-off that plaintiff owed defendant $3,000.00 on an open account loan.

In reply, plaintiff denied that she owed defendant any amount of money.

Prior to trial, both parties duly filed motions for summary judgment. At the hearing on said motions, the parties stipulated, *inter alia*, that plaintiff owned and operated, as a sole proprietor, Joan's Kitchen; that Joan's Kitchen received from defendant $3,000.00 of which none has been repaid; that the books and records of Joan's Kitchen listed the $3,000.00 as payable to defendant; and that plaintiff signed an audit slip, mailed to her by defendant's accountants, which reads, in pertinent part, as follows:

"According to our records, the balance receivable from you as of 12/29/74 was $3,000.00. If this agrees with your records, please sign this confirmation form in the space provided below; if it does not agree with your records, do not sign below but explain and sign on the reverse side."

In an earlier document filed by plaintiff in response to defendant's request for admissions, plaintiff stated that her signing of the audit slip was not the admission of a loan or any amount owed, but only that the records of McNeill Industries, Inc. show that $3,000.00 was outstanding. Both motions for summary judgment were denied.

At trial, plaintiff's evidence tended to show that she left her job with defendant to open Joan's Kitchen. During a three month period in 1974, Joan's Kitchen received $3,000.00 from defendant. Nothing was said about this money being a loan that must be repaid, and no note was signed. Defendant's bookkeeper, Ruth White, kept the books for Joan's Kitchen in her spare time. Plaintiff testified that she received the statement from the auditing firm, and after being told by defendant's vice-president that it merely stated that defendant had given plaintiff $3,000.00, plaintiff signed and returned the statement. Plaintiff further testified that, at the time she signed the audit slip, she did not feel that it

was an agreement that she owed defendant the money. She thought it was merely to show where the money had gone.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that the evidence established as a matter of law that there was an account stated between plaintiff and defendant as to the $3,000.00 by reason of the auditor's statement signed by plaintiff. The trial court denied the motion.

Defendant's evidence tended to show that defendant intended the $3,000.00 given to plaintiff to be a loan and that in the telephone conversation with defendant's vice-president, plaintiff had acknowledged that she owed the money to defendant.

The jury returned a verdict finding that there was no account stated between plaintiff and defendant, and that plaintiff did not owe defendant any money. The court denied defendant's motion for judgment n.o.v. and entered judgment awarding plaintiff $1,760.00 in liquidating dividends. Defendant appealed.

*Harris and Bumgardner, by Don H. Bumgardner, for the plaintiff.*

*James, McElroy & Diehl, by James H. Abrams, Jr., for the defendant.*

MARTIN, Judge.

[1] Defendant contends that the trial court erred in denying its motions for summary judgment and directed verdict for the reason that the signed audit statement and the entry of the $3,000.00 in plaintiff's books as an account payable established, as a matter of law, the existence of an *account stated* between plaintiff and defendant. We cannot agree.

On the subject of accounts stated, our courts have declared:

"To constitute a stated account there must be a balance struck and agreed upon as correct after examination and adjustment of the account. However, express examination or assent need not be shown—it may be implied from the circumstances. (citation omitted.)

"An account becomes stated and binding on both parties if after examination the parties sought to be charged unqualifiedly approves of it and expresses his intention to pay it. (citation omitted.) The same result obtains where one of

the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due. . . ." *Little v. Shores*, 220 N.C. 429, 17 S.E. 2d 503 (1941).

" 'An account stated may be defined, broadly, as an agreement between the parties to an account based upon prior transactions between them, with respect to the correctness of the separate items composing the account, and the balance, if any, in favor of one or the other. . . .' An account stated operates as a bar to any subsequent accounting except upon a specific allegation of facts constituting fraud or mistake." *Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 126 S.E. 2d 500 (1962).

Guided by these principles, we are of the opinion that the auditors' statement on its face was sufficient to create an account stated. However, at the time of the hearing on the summary judgment, the court also had before it plaintiff's response to defendant's request for admissions wherein plaintiff denied that her signature on the audit slip was intended to indicate her admission that she owed defendant the money. The purport of plaintiff's response was that plaintiff intended only to acknowledge her receipt of the $3,000.00 from defendant. This clearly raised the defense of mistake—a question of fact justifying the denial of defendant's motion for summary judgment.

[2] The propriety of the court's denial at trial of defendant's motion for a directed verdict is interwoven with defendant's further contention that plaintiff's testimony at trial relative to her conversation with defendant's vice-president should have been excluded. Defendant argues that this testimony tended to contradict the agreement established by the audit slip—the account stated—and thus, its admission violated the parol evidence rule. Without this testimony, it is defendant's contention that a directed verdict was proper.

The general rule is that in the absence of fraud or mistake or allegations thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing are incompetent. *See Neal v. Marrone*, 239 N.C. 73, 79 S.E. 2d 239 (1953).

However, as this statement intimates, parol evidence tending to show fraud or *mistake* is admissible to vary the writing so far as necessary to make it accord with the true intention and agreement of the parties. *See Archer v. McClure*, 166 N.C. 140, 81 S.E. 1081 (1914).

In the instant case, plaintiff's testimony indicated that she signed the audit slip under the mistaken belief that it merely acknowledged her receipt of the $3,000.00 from defendant. She did not intend thereby to admit that she owed the money or to agree to pay such amount to defendant. This was sufficient evidence of mistake of fact to prevent the formation of the agreement requisite to the creation of an account stated. Therefore, the challenged testimony was competent to attack the validity of the account stated, *see Morganton v. Millner*, 181 N.C. 364, 107 S.E. 209 (1921), and was sufficient to raise a question of mistake requiring jury determination. The denial of defendant's motion for directed verdict was proper.

The trial court's entry of judgment for plaintiff on the verdict returned is

Affirmed.

Judges MORRIS and VAUGHN concur.