FCX, INC. v. OCEAN OIL COMPANY, FORMERLY SENTRY OIL CO., INC., JAMES BAXTER EUBANKS AND WIFE, SARAH L. EUBANKS

No. 7910SC665

(Filed 20 May 1980)

1. **Accounts § 2— account stated—extent of agreement in question**

   The trial court erred in entering summary judgment for plaintiff in an action to recover the amount allegedly owed by defendant for the purchase of petroleum products where there was a material question of fact as to whether a meeting between the parties resulted in an account stated as to the totality of the transaction between the parties or only as to the balance of plaintiff's ledger sheets.

2. **Accord and Satisfaction § 1; Compromise and Settlement § 5— disputed account—cashier's check tendered—acceptance**

   In an action to recover on an account, plaintiff's retention of a cashier's check tendered by defendant, though the check was not deposited, was sufficient acceptance of a lesser amount than plaintiff claimed was due it to result in an accord and satisfaction or compromise and settlement, and if the jury found that the account between the parties was unliquidated or that it was liquidated but there was new consideration for the acceptance of the check, plaintiff was barred from further recovery.

APPEAL by defendants from *Braswell, Judge.* Judgment entered 25 May 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 5 February 1980.

Plaintiff alleges that between 1974 and 1978 it sold petroleum products on credit to the corporate defendant, and that the individual defendants executed a Statement of Responsibility for the account. In the spring of 1978 defendants questioned the amount they owed to plaintiff, and the account was reconciled to $38,322.49, to which defendants agreed. On 3 August 1978 defendants tendered a cashier's check in the amount of $26,337.49, marked "For payment in full." Plaintiff has retained this check, but has not cashed it. Plaintiff seeks to recover the $38,322.49, or to be allowed to deposit defendants' check without prejudice and to recover from defendants the $11,985 balance.

Defendants answered, alleging that in February 1977 the parties entered into an agreement that plaintiff would sell to them at the best price and freight free, and that plaintiff has not complied with this agreement. Defendants admit that their account with

plaintiff was corrected to $38,322.49, but deny that this amount is the balance due, alleging that the items which made up the account were incorrectly priced. Defendants also allege that plaintiffs' retention of their "payment in full" check amounts to full payment of the account. In addition, defendants counterclaimed for treble damages for plaintiff's alleged unfair trade practices, again alleging that plaintiff had agreed to sell to them at its best price and freight free. Plaintiff replied that it had entered into such an agreement, which was to continue for one year from January 1977, and denied that it had breached the agreement.

Plaintiff moved for summary judgment, attaching to its motion two affidavits, the ledger of the parties' account, and a letter of 3 August 1978 signed by the male defendant. The first paragraph of that letter is as follows:

> In regards to the account of Ocean Oil Co., Inc., formerly Sentry Oil Co., Inc., when you and Mr. Arnold Walton were last in our office attempting to correct your records, which at that time you showed Sentry Oil owed $43,302.70, whereas we showed that Sentry owed to FCX the amount of $38,322.49 and after meditation, consultation and several telephone calls you and your company agreed to accept our amount of $38,322.49 as being correct, to which we agreed.

The seven subsequent paragraphs address the "best price and freight free" agreement, defendant's feeling over the course of the year that the agreement was not being complied with, and his investigations into the matter. The letter concludes:

> [W]e looked at our invoices and those of FCX dealers and it was our opinion that we had not received the "best price", nor had we received our products "freight free" as we had been promised.

> So we concluded that we would take the figure agreed upon of $38,322.49 and subtract the freight on product [sic] we received during the "freight free" year of $11,985.00 and we have a balance of $26,337.49 for which we have attached a cashier's check and for which in our considered opinion does forthwith pay the account of Ocean Oil Co., Inc., formerly Sentry Oil Co., Inc. in full.

The affidavits attached to plaintiff's motion both stated that in the presence of the affiants the defendants had on 11 July 1978 agreed to the balance of $38,322.49 and promised to pay it.

Defendants presented affidavits in response to plaintiff's motion, stating that in July 1978 the parties "reached a tentative balance based upon the account being in accordance with the [best price and freight free] agreements. The pricing was not in accordance with the agreements but all products were overpriced to the extent they included a transportation charge." Defendants also moved for summary judgment on the ground that plaintiff's retention of their cashier's check barred any further recovery.

The court entered summary judgment for plaintiff in the amount of $38,322.49. Defendants appeal.

*E. Ray Briggs for plaintiff appellee.*

*Vaughan S. Winborne for defendant appellants.*

ARNOLD, Judge.

[1] It is plaintiff's position that at the meeting on 11 July 1978 the parties reached an account stated, agreeing that the amount due from defendants to plaintiff was $38,322.49. The affidavits presented by the plaintiff on its motion for summary judgment, and the first paragraph of defendant's 3 August 1978 letter to plaintiff support this position. The remainder of defendant's letter, however, and his affidavit in response to plaintiff's motion for summary judgment indicate defendants' belief that they are entitled to a set-off against this amount, and that what was actually reached at the 11 July meeting was an agreement that $38,322.49 was the correct balance for the ledger sheets, but not necessarily a final determination of what defendants actually owed to plaintiff. This situation is analogous to that in *Nello L. Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 126 S.E. 2d 500 (1962). There the court noted that while the parties did not dispute the amount plaintiff had charged defendant for the crushed rock furnished to defendant, defendant did contend that the plaintiff had agreed to make an "equitable adjustment" in the balance due because the rock delivered did not meet the contract specifications. The court said: "The defendant's theory of the case seems to be that although it did not dispute the amounts plaintiff had charged it

for the [crushed rock] represented by the two invoices, those charges did not represent an *account stated* in the sense of an agreement with respect to the *totality* of the transactions between plaintiff and defendant, *i.e.*, a final settlement between them. Defendant denied that the parties had either expressly or impliedly struck a balance in their claims against each other and agreed upon . . . the amount which defendant should pay to plaintiff in final settlement of all claims existing between them." *Id.* at 529-30, 126 S.E. 2d 506.

An account stated need not cover all the dealings between the parties; since an account stated is nothing more than an agreement between the parties, it extends only to the items they considered in reaching their agreement. *Id.* In the present case, defendants do not deny that $38,322.49 represents the correct balance of the ledger sheets of their account with plaintiff. To that extent, it is clear that the parties reached an account stated. Defendants do contend, however, that they did not agree to $38,322.49 as a final settlement, because they are entitled to a set-off. "In an action on an account stated, the party against whom the balance is claimed may set off against it any balance which he claims from items not included in the settlement." *Id.* at 531, 126 S.E. 2d 507. Whether the meeting of 11 July resulted in an account stated as to the totality of the transactions between the parties, or only as to the balance of the ledger sheets, is a material question of fact which must be decided by a jury. Summary judgment for the plaintiff was inappropriate. *Cf. Carroll v. McNeill Industries, Inc.*, 37 N.C. App. 10, 245 S.E. 2d 204, *affirmed* 296 N.C. 205, 250 S.E. 2d 60 (1978).

[2] Defendants assign error to the denial of their motion for summary judgment, arguing that plaintiff's retention of their full payment cashier's check bars it from any further recovery. Plaintiff argues that by the mere retention of the check it has not converted the funds to its own use or otherwise accepted them as full payment of defendants' account.

When this action goes to trial, the jury may find that at the 11 July meeting the parties reached an account stated as to the totality of the transactions between them, or that they reached an account stated only as to the balance of the ledger sheets. If the jury finds the former, the amount due from defendants to plaintiff

will have become liquidated, and in that case the cashier's check from defendants for a lesser amount will have been an accord and satisfaction only if it is also found that there was new consideration for the payment of part in discharge of the whole. *Baillie Lumber Co., Inc. v. Kincaid Carolina Corp.*, 4 N.C. App. 342, 167 S.E. 2d 85 (1969); 1 Am. Jur. 2d, Accord & Satisfaction §§ 5 & 12. If, on the other hand, the jury finds that the final amount due from defendants to plaintiff was still in dispute after the 11 July meeting, defendants' payment of a lesser amount on condition was an accord and satisfaction, or a compromise and settlement, if it was accepted by plaintiff. G.S. 1-540; 1 Am. Jur. 2d, Accord & Satisfaction §§ 5 & 12.

We find that plaintiff's retention of the cashier's check, though the check was not deposited, was sufficient acceptance of the lesser amount to result in an accord and satisfaction or compromise and settlement. A cashier's check is paid for in advance, and is the next thing to cash. Such a check is not subject to countermand, 10 Am. Jur. 2d, Banks § 544, and is considered accepted by the bank for payment by the act of its issuance. 10 Am. Jur. 2d, Banks § 643. "Cashier's checks . . . are regarded substantially as the money which they represent . . . ." 10 Am. Jur. 2d, Banks § 544, at 518-19. It has been held that money tendered by the debtor as full payment of his debt, and taken by the creditor, claiming a balance still due, was accepted on the conditions under which it was tendered. *Cline v. Rudisill*, 126 N.C. 523, 36 S.E. 36 (1900). The court did not require that the creditor deposit or otherwise actually use the money. Here, plaintiff's retention of the cashier's check in spite of defendants' requests that it be returned is equally an acceptance. If the jury finds that the account between the parties was unliquidated, or that it was liquidated but there was new consideration for the acceptance of the check, plaintiff is barred from further recovery.

Because material issues of fact exist, defendants were not entitled to summary judgment. Defendants' third assignment of error is without merit. The questions of fact in this controversy must be resolved by a jury, and, accordingly, the order of the trial court is

Reversed.

Judges PARKER and WEBB concur.