ALL IN ONE MAINTENANCE SERVICE, A NORTH CAROLINA GENERAL PARTNERSHIP v. BEECH MOUNTAIN CONSTRUCTION COMPANY

No. 8314SC673

(Filed 21 August 1984)

1. **Corporations § 25— contract between parent corporation and third party— wholly-owned subsidiary bound by contract**

     Although it is ordinarily true that the doctrine of separate corporate entity would prevent a conclusion as a matter of law that, nothing else appearing, a wholly-owned subsidiary is intended to benefit from a contract executed between its parent corporation and another legal entity, plaintiff's own evidence in this case established that defendant subsidiary was intended to be the direct beneficiary of the release where such evidence tended to show that plaintiff did not have any separate contractual relationship with defendant's parent corporation or any other corporations named in the release; plaintiff did not contest the fact that the release related directly to the contractual relationship with defendant which was the subject of this lawsuit; and plaintiff's affiant specifically stated that the release was provided by defendant and that, by executing it, plaintiff intended to release defendant for work already performed.

2. **Contracts § 4.1; Compromise and Settlement § 1; Accord and Satisfaction § 1— construction contract—release—consideration—summary judgment improper**

     In an action to recover the balance due under a written construction contract which defendant allegedly prevented plaintiff from completing, the trial court erred in entering summary judgment for defendant where a genuine issue of fact existed as to whether the parties intended a release to relate to

work already performed and therefore monies indisputably due, or to relate to the termination of the parties' contract and settlement of plaintiff's entitlement to the full contract price.

APPEAL by plaintiff from *Clark, Judge.* Judgment entered 14 March 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 11 April 1984.

The plaintiff, All In One Maintenance Service, instituted this action against the defendant by filing a complaint for breach of contract on 7 June 1982. The complaint alleged that defendant had prevented plaintiff from completing work under a written construction contract between the parties and sought recovery of the balance of the price due under the contract. The defendant, Beech Mountain Construction Company, filed an answer denying breach of contract and affirmatively pleading the defenses of release, compromise and settlement, and accord and satisfaction. The defendant also filed a request for admissions which was answered by the plaintiff.

On 30 December 1982, defendant filed a motion for summary judgment on the ground that there was no genuine issue of material fact requiring trial. In response, plaintiff filed an affidavit. After a hearing on the motion, the trial court granted summary judgment in favor of the defendant. Plaintiff appeals.

*Fletcher, Maggiolo & Chaney, by Richard G. Chaney and Robert Maggiolo, for plaintiff appellant.*

*Powe, Porter and Alphin, by N. A. Ciompi, for defendant appellee.*

JOHNSON, Judge.

The sole question presented by this appeal is whether the trial court erred in granting the defendant's motion for summary judgment on the ground that the release executed by the plaintiff bars plaintiff's contract action or bars any recovery by the plaintiff as a matter of law. For the reasons set forth below, we hold that summary judgment was improperly granted in favor of the defendant, Beech Mountain Construction Company.

The evidentiary forecast showed that on or about 16 November 1981, the plaintiff, All In One Maintenance Service and

the defendant, Beech Mountain Construction Company, executed a written contract whereby plaintiff was to perform certain subcontracting services for the defendant, consisting mainly of construction and carpentry work. The contract provided for written notice to plaintiff of any defect in construction. The contract price agreed upon came to approximately $14,000. Prior to completion of the work called for in the contract, plaintiff and defendant developed certain differences and their relationship deteriorated. Prior to termination of the parties' contractual relationship, plaintiff received $3,521.81 for the work done to that date.

Plaintiff's complaint alleges that plaintiff attempted performance under the contract but that defendant, by its own actions, "made it impossible for the plaintiff to complete its contract" during the period from December, 1981 to February, 1982. Further allegations are to the effect that defendant never informed plaintiff in writing of any dissatisfaction with its performance; that plaintiff has been ready and able to complete the contract at all times since 16 November 1981; and that if defendant had not breached the contract, plaintiff would have been able to have completed the work contracted for and was therefore entitled to the balance due, which was $10,565.63.

By its first defense, defendant admitted that written notice of dissatisfaction was not given to plaintiff; that defendant had "terminated its relationship" with the plaintiff; but denied that it had breached the contract and denied that but for its breach, plaintiff would have been able to complete its performance under the contract. By way of a further and affirmative defense, defendant alleged that during the course of plaintiff's performance, certain differences and disputes arose as to the quality of the work being performed, as to timetables for the delivery of materials and as to payment. Defendant alleged that oral notice of dissatisfaction was given but that ultimately the situation became "intolerable" and defendant decided to terminate its relationship with the plaintiff in early February, 1982. Defendant further alleged that it paid "certain sums of money" to the plaintiff in consideration for the termination of the relationship and that this release is an affirmative bar to plaintiff's contract claim.

Attached to the answer is a copy of the release agreement executed by the plaintiff through one of its general partners,

Greg W. Brown. The release is a standard form release which purported to "acquit, satisfy and forever discharge the said second party" from a variety of standard listed obligations including, but not limited to, "covenants, contracts, controversies, agreements, . . ." etcetera. Additional obligations typed onto the release are as follows: "including but not limited to real estate commissions, brokerage commissions, expenses, override bonuses, residual commissions, salaries or claims of any nature against the above listed companies."

The "above listed companies" which constitute the party of the second part under the release do not, however, include the defendant company. Rather, the companies appear as follows:

Beech Mountain Development Corp., Beech Mountain Properties, Inc., Real Estate Marketing Associates, Inc., Mountain Resorts Development, Inc.

Plaintiff, All In One Maintenance, is named as the party of the first part who was to receive $1,100 from the listed companies "in consideration" for the release.

By way of response to requests for admissions filed by the defendant, the plaintiff admitted that the release was duly executed by Greg Brown, a general partner of All In One Maintenance, on 10 February 1982 and that the consideration recited in the document was in fact received by All In One Maintenance.

In support of its motion for summary judgment, defendant filed the affidavit of Jerome Bernstein, which stated that he is the president of Beech Mountain Development Corp., and that the construction company is a wholly-owned subsidiary of the development corporation. Further information about the intercorporate relationship between the parent corporation and its subsidiary is not alleged in the affidavit, nor is it provided elsewhere in either the record on appeal or in the briefs of the parties. However, the allegations contained in the defendant's affidavit as to that relationship were not challenged by the plaintiff.

Plaintiff, in response to the summary judgment motion, filed an affidavit by Robert O. Perry, another general partner in All In One Maintenance. Perry alleged that during the course of plaintiff's performance, defendant had become delinquent in making

payments to plaintiff pursuant to the schedule provided in their contract. After unsuccessfully requesting payment of the amount due by February, 1982, which was $1,121.88, plaintiff notified the owner of the property under construction that defendant had not been paying plaintiff and that plaintiff intended to file a lien against the property.

Perry alleged that shortly thereafter, Gary Eidelstein forwarded plaintiff a check for $1,121.87, along with a lien waiver release; at that time, defendant had not notified plaintiff that it intended to terminate the parties' contract. In the affidavit, Perry stated the following with regard to the intent of plaintiff in executing the release:

9. By executing the release, which was provided by the Defendant and was not previously negotiated between the parties, Plaintiff intended only to release Defendant from all claims then due to Plaintiff for work then done. There was no intention whatsoever on Plaintiff's part to release Defendant from the contract.

10. Plaintiff received nothing from Defendant for executing said release except the amount that was already due plaintiff for work done pursuant to the contract between Plaintiff and Defendant.

11. It was not until almost a month later that Defendant informed Plaintiff that Plaintiff would not be allowed to continue working pursuant to the contract.

The affidavit alleged further that it was the intention of all the principals of the plaintiff that the release only cover claims related to the work already performed.

Rule 56(c) of the Rules of Civil Procedure provides, in part, that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). An issue is genuine if it may be maintained by substantial evidence. *Bernick v. Jurden*, 306 N.C. 435, 440, 293 S.E. 2d 405, 409 (1982); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E. 2d 897, 901, *reh'g*

*denied,* 281 N.C. 516 (1972). An issue is material if the facts alleged would constitute or would irrevocably establish any material element of a claim or defense. *Bernick v. Jurden, supra,* at 440, 293 S.E. 2d at 409. To prevail on its motion for summary judgment, defendant has the burden of establishing by uncontroverted evidence the absence of any genuine issue of material fact. *Id.*

Plaintiff contends that the evidentiary forecast raised issues of material fact with respect to the identity of the party entitled to benefit by plaintiff's release, the existence of new consideration to support the release, and the intention of the parties as to the effect of the release on their contractual relationship.

Plaintiff's first contention is that because the defendant, Beech Mountain Construction Company, is not named in the release, it may not claim to be a beneficiary of that agreement. Plaintiff argues that it did not release anyone other than the persons or entities named in the release and that "to hold otherwise as a matter of law would be to disregard the doctrine of corporation identity." In its brief, plaintiff continues its argument as follows: "Furthermore, Defendant-Appellee does not benefit even indirectly from the release, because its parent corporation had no obligation under the contract between Defendant-Appellant from which it could be released."

The foregoing argument has an undeniable surface appeal. However, it is one which quickly dissipates under closer inspection. First, plaintiff does not contend, nor would the record support such a contention, that it has *any* separate contractual relationship with defendant's parent corporation, or any of the other corporations named in the release, nor does plaintiff contest the fact that the release relates directly to the contractual relationship with the defendant that is the subject of this lawsuit. Therefore, it would appear that the disputed release could only relate to plaintiff's contractual relationship with the defendant itself. Furthermore, plaintiff's affiant, Robert O. Perry, specifically stated that the release *was provided by the defendant* and that by executing it, plaintiff intended to release *the defendant* for work already performed as of 10 February 1982.

[1] Although it is ordinarily true that the doctrine of separate corporate entity would prevent a conclusion as a matter of law

that, nothing else appearing, a wholly owned subsidiary is intended to benefit from a contract executed between its parent corporation and another legal entity, *see Glenn v. Wagner*, 67 N.C. App. 563, 313 S.E. 2d 832 (1984), plaintiff's own evidence establishes that the defendant was intended to be the direct beneficiary of the release. The omission of the defendant's name from a release that it prepared and sent to the plaintiff is certainly puzzling. However, under these factual circumstances, it is not a sufficient basis to support plaintiff's contention that the release was not effective as to the defendant. Therefore, no genuine issue of fact was raised as to whether Beech Mountain Construction Company was a party entitled to the benefit of the release executed by the plaintiff.

[2]    However, the evidentiary forecast does raise an issue as to whether the release was supported by consideration and whether it was intended by the parties to terminate their relationship under the contract. To be valid, a release must be supported by new consideration. *See Hospital v. Stancil*, 263 N.C. 630, 139 S.E. 2d 901 (1965). In determining whether new consideration is present, the question is whether the value received by the releasor is a genuine compromise of a disputed claim or merely a payment of an amount indisputably due. *See Sloan v. Burrows*, 357 Mass. 412, 258 N.E. 2d 303 (1970). In other words, it must appear that there was new consideration for the payment of part in discharge of the entire amount owed. *See FCX, Inc. v. Oil Co.*, 46 N.C. App. 755, 266 S.E. 2d 388 (1980); *Lumber Co. v. Kincaid Carolina Corp.*, 4 N.C. App. 342, 167 S.E. 2d 85 (1969).

By its affidavit, plaintiff raises the factual contention that the sum of money it admittedly received in conjunction with the release represented only the payment of an amount due for work already performed by plaintiff under the contract. Plaintiff's admission that the "consideration" recited in the release was in fact received by All In One Maintenance must be read in conjunction with the plaintiff's pleading and affidavit. The complaint seeks recovery for the balance due on the contract price. If, as plaintiff contends, the $1,100 represents payment for an amount indisputably due, then a release from all future claims would fail for lack of new consideration. However, if the sum represents the new consideration for the release as defendant contends, a genuine issue of fact remains as to whether the parties both intended to

terminate the contractual relationship between them by virtue of the release.

The burden of proving the affirmative defenses of accord and satisfaction or of compromise and settlement was on the defendant. *See Lumber Co. v. Kincaid Carolina Corp., supra.* A compromise and settlement must be based upon a disputed claim; an accord and satisfaction may be based upon an undisputed or liquidated claim. *Id.*; 3 Strong's N.C. Index 3d, Compromise and Settlement, § 1, p. 132-133.

In this case, defendant has pleaded both defenses and has alleged the 10 February 1982 release in support thereof. Clearly, an issue has been raised as to whether the parties intended the release to relate to work already performed and therefore monies indisputably due, or to relate to the termination of the contract and settlement of plaintiff's entitlement to the full contract price. In its answer, the defendant has alleged that the relationship was terminated in early February, 1982, with the signing of the release. Plaintiff, to the contrary, alleged that termination did not occur until 5 March 1982. With respect to these matters concerning the intent of the parties in executing the release, the record is far from conclusive factually and does not establish that defendant was entitled to summary judgment as a matter of law. The many disputed questions of fact raised by the evidentiary forecast must be resolved by a trier of fact and are not appropriately settled by summary judgment. Accordingly, the judgment of the trial court is

Reversed.

Judges WELLS and BECTON concur.