D. S. DAVIS v. A. J. STEPHENSON.

(Filed 19 November, 1908).

1. **Instructions—Facts Assumed—Contentions—Questions for Jury.**
   A "contention," under conflicting evidence, made during the trial of an action brought upon account, that an account had been rendered and kept a reasonable time without objection, cannot be made a basis of exception to the refusal of the Judge to charge accordingly. (1) It assumes the facts as to the absence of objection and the reasonableness of the time the account was kept; (2) It does not meet the requirements of a request for instructions.

2. **Appeal and Error—Judge's Charge Assumed to be Correct.**
   When it is stated in the record that the Court called the jury's attention to a matter, or had instructed upon it, the charge thereon is assumed to be correct on appeal, when it is not set out in the case.

3. **Instructions—Account Stated—Acceptance—Questions for Jury.**
   Upon conflicting evidence, in a suit brought upon an account, it was not error to plaintiff's prejudice for the Judge to charge the jury there would be no legal presumption that the account was presented and accepted by defendant, and should the jury find that it had been presented and accepted, it would devolve upon the defendant to pay it.

149—8

4. **Evidence—Account Stated—Correctness—Habitual Drunkenness.**
    Evidence that the one suing on an account stated was in the habit of drinking liquor excessively, is competent for the purpose of showing that he was not qualified to transact business or to keep accounts correctly.

Action tried before *Long, J.,* and a jury, August Term, 1908, of Union.

This action was brought to recover the amount of an account for goods sold and delivered to the defendant, cash advanced and money paid for him at his request, the amount claimed by the plaintiff being one hundred and seventy-one 75-100 dollars. There were two accounts, one for $128.59 and the other for $43.16. The defendant denied his liability and set up a counterclaim for $39.08. The issues submitted, with the answers thereto, were as follows:

1. In what amount, if any, is the defendant indebted to the plaintiff? Answer: None.

2. In what amount, if any, is the plaintiff indebted to the defendant on his counterclaim? Answer: $10.

There was a motion by the plaintiff for a new trial, which was overruled. Judgment was entered upon the verdict for the defendant, and the plaintiff appealed.

*A. M. Stack* for plaintiff.
*Williams & Lemmond* for defendant.

Walker, J., after stating the case: There was evidence in support of the contentions of the respective parties. The plaintiff contended, during the course of the trial, that the account for $128.59 had been rendered to the defendant, that he kept it a reasonable time and failed to object to it, and it thereby became an account stated, and he now complains and excepts because the Court refused to charge in accordance with that contention. There are two reasons why this exception cannot be sustained. In the "contention," as it is called, the plaintiff assumes as a fact that the account was rendered

and there was no objection to it within a reasonable time. There was evidence, and very strong evidence, it may be con-ceded, of the fact, but it was for the jury to find the fact from all the evidence. The second reason is, that there was no request for an instruction, and a mere "contention" of counsel during the trial cannot be regarded as a compliance with the statute. But it is stated in the record that the Court had "called the attention" of the jury to this matter, that is, had instructed them about it, and we must assume here that the instruction was correct, when it is not set out in the case. The Court then proceeded to charge the jury as follows: "The plaintiff insists, that if there was the statement of account submitted to the defendant, which he promised to pay—if that is so, that would establish that $128.59. If he assented to it, he would be obliged to pay it. There would be no presumption of law about it. If it was submitted to him, and accepted by him, it would devolve upon him to pay it. That is one of the contentions between plaintiff and defendant. Plaintiff says it was submitted to him, and he agreed to pay it. The defendant says it is not so; it was not submitted to him, and was not agreed to by him." To this instruction the plaintiff excepted.

We can see no inherent error in this instruction. Indeed, the Court charged the jury in accordance with the plaintiff's contention, as it is stated by the Court in that part of the charge we have quoted.

If the account was presented for $129.76 and a demand made for that amount, as stated in the defendant's "contention," and of which there was evidence in the case, it was incorrect, as the amount now appears to be only $128.59. Besides, the defendant did dispute the account and asked for a settlement as soon as he could find the plaintiff sober and in a condition to transact business.

It is true, that "when an account rendered is not objected to in a reasonable time, the failure to object will be regarded

as an admission of (or assent to) its correctness, by the party charged." *Hawkins v. Long,* 74 N. C., 782; *Daniel v. Whitfield,* 44 N. C., 297; *Wiggins v. Burkham,* 10 Wall., 129. In *Webb v. Chambers,* 25 N. C., 374, *Ruffin, C. J.,* thus states the rule: "There can be no doubt of the correctness of the opinion given to the jury. It is the ordinary evidence of the justice of a merchant's account, when he renders it to his customer and the latter keeps it without objection to any of its items. Without a denial of it *in toto* or some part of it, the jury may infer an admission of its correctness and a promise to pay the balance." It is expressed in *Gooch v. Vaughn,* 92 N. C., 617, as follows: . "The account rendered, and the long delay in objecting to it on account of suggested errors therein, do not necessarily conclude Gooch. The strong presumption is that he examined and accepted it as correct, and he is bound by it, and it ought not to be disturbed, unless he shall allege and prove some substantial error, mistake, omission or fraud vitiating it. This he has the right to do, if he can, and in case of success, to have just correction made. The burden is on him to prove such allegation." But however the rule is stated we do not think it applies to this case, in view of its facts and circumstances. It also appears that the Court did in fact charge the jury that, if they found from the evidence the defendant had assented to the plaintiff's account as rendered, "he would be obliged to pay it."

We do not see why the evidence, as to the plaintiff's habit of drinking liquor excessively, was not competent and relevant. It was offered for the purpose of showing that the plaintiff was not competent to transact business or to keep the account correctly. The Court admitted it for that purpose alone, and we think it was some evidence for the consideration of the jury upon that question in dispute between the parties. It was competent also for other reasons.

No error.