L. M. SAVAGE, INDIVIDUALLY, AND AS A MEMBER OF PARTNERSHIP OF SAVAGE SEED COMPANY, AND AS ADMINISTRATOR OF J. E. SAVAGE, DECEASED, v. R. E. CURRIN, LIZZIE CURRIN, AND GEORGE PEED.

(Filed 31 October, 1934.)

**1. Pleadings F a—**

The granting of a bill of particulars pursuant to C. S., 534, lies in the sound discretion of the trial judge.

**2. Pleadings F c—**

Where a motion for a bill of particulars is allowed the evidence offered at the trial must be confined to the specific items set forth in such bill.

**3. Same—**

Where plaintiff's failure to comply with an order of the court to file an itemized statement of the account sued on is due to the fact that his records had been destroyed by fire, plaintiff is not precluded by his failure to comply with the order from establishing the debt by competent evidence. C. S., 534.

**4. Account Stated A a—**

The acceptance of an account rendered or the failure to object to its correctness within a reasonable time creates a new contract to pay the amount due, and the creditor may maintain an action on such new promise.

**5. Limitation of Actions E c—**

Upon the plea of the statute of limitations the burden is on plaintiff to show that his claim is not barred.

**6. Same—Where plaintiff offers no evidence that claim is not barred, defendant's motion of nonsuit on plea of statute is properly granted.**

Where plaintiff resists defendant's plea of the statute of limitations solely on the ground that defendant left the State prior to three years

from the accrual of the cause of action, and defendant denies the allegation of nonresidence, in the absence of evidence by plaintiff in support of the allegation of nonresidence, defendant's motion as of nonsuit is properly allowed.

CIVIL ACTION, before *Cowper, Special J.,* at May Term, 1934, of PITT.

A partnership, known as the Savage Seed Company, operated a mercantile establishment in the town of Greenville, North Carolina, and it was alleged that the defendant R. E. Currin bought from time to time goods, wares and merchandise consisting of flour, meat, hay, beans, etc., from said partnership during the year 1922, and that there was a balance of $245.00 due on the account. The books and records of the partnership were destroyed by fire in 1924. On 23 November, 1933, the plaintiff filed an affidavit in the Superior Court of Pitt County, alleging that the defendants R. E. Currin and Lizzie Currin, his wife, were residents of the State of Georgia and had removed from this State with intent to defraud their creditors. Upon such affidavit the plaintiff applied for a warrant of attachment against a certain lot of tobacco in the possession of defendant George Peed, which it was alleged belonged to the defendants R. E. Currin and Lizzie Currin. It was further alleged in the complaint that the tobacco then in Pitt County, North Carolina, in possession of said Peed was worth approximately $1,000. A warrant of attachment was duly issued and served. The defendant R. E. Currin filed an answer alleging that he had resided in Pitt County, North Carolina, continuously "from prior to 1922 until during the year 1926, and if he had incurred any indebtedness with the plaintiff, which he denies, during the year 1922, same is barred by the three-year statute of limitations, and that he hereby pleads same to the bar of any recovery in this action." Thereafter the defendant R. E. Currin, Jr., was granted permission to interplead by reason of the fact that he claimed the tobacco attached in Pitt County as his property and not the property of his father and mother, R. E. Currin and Lizzie Currin. He alleged that he planted and cultivated the tobacco in controversy in the State of Georgia and sent it to North Carolina for sale. Other appropriate pleadings were filed, and thereafter the defendant served notice upon the plaintiff "to produce an itemized statement showing the indebtedness sued upon." The plaintiff answered the notice, declaring that their books and records had been lost or misplaced as a result of a fire, "which burned and destroyed their original entry book and ledger, and the plaintiff has only a summary statement of said account set up in a book showing the accounts and amounts thereof due the plaintiff, and for that reason is unable to furnish an itemized statement of the account sued on, which was made with the plaintiff during the years 1921 and 1922." It was further alleged by the plaintiff in answer to said notice

that the defendant R. E. Currin had admitted the correctness of the account and had promised to pay same.

At the trial the plaintiff offered evidence tending to show a balance on the account for the year 1922 of $245.00, and that same was due by the defendant. A witness for plaintiff said: "I talked the matter over with Mr. Currin as to the amount. He looked over the account. He never disputed it. I think we agreed about it." This conversation took place in the fall of 1923. Witness further testified: "Mr. Currin said just as soon as he sold his property he would pay me. I was talking about getting judgment. . . . I saw Mr. Currin; he was selling his crop; he said, 'Yes, I am going to sell out what I have and am going to Georgia.' . . . It was right in the store. When he walked in I spoke about this account. He said he could not pay it, but was fixing to sell his property, and as soon as he got the money he would pay up. I don't know about what time it was. Could not say whether it was December or January. We were standing at the desk. He was close by, the account was present. . . . It was itemized. We had a fire in 1924. I don't know what became of my books, most of them were destroyed. . . . I think the account of Mr. Currin was burned. I have made a thorough search. . . . When I called Mr. Currin into the office and asked him about the account I think I had the account before me. . . . He did examine the account. He never said anything at all, but did say as soon as he disposed of the land he was going to pay it, and that the account was before him at the time he made the statement. . . . The item referred to here on account of R. E. Currin is the balance due on the ledger account shown him at the time. . . . I have no book in court which I have said Mr. Currin had before him when any conversation took place between us, that is, the book opened up before him when he made the statement which I have testified about. I have no such book and no such book has been opened in court. I made an effort to find it. I think it was burned. I haven't seen it since the fire."

At the conclusion of plaintiff's evidence the trial judge was of the opinion that there was "no evidence in the record in any way showing any such account, either for the year 1922 or for the year 1923, and that upon the whole of the evidence the motion of defendants for judgment of nonsuit should be allowed."

From the foregoing judgment plaintiff appealed.

*S. J. Everett for plaintiff.*
*J. H. Harrell for defendants.*

BROGDEN, J. (1) What is the effect of a request for a bill of particulars, as provided by C. S., 534?

(2) Is the claim of plaintiff barred by the statute of limitations?

At the outset it must be noted that the granting of a bill of particulars pursuant to C. S., 534, lies in the sound discretion of the trial judge. *Temple v. Telegraph Co.*, 205 N. C., 441, 171 S. E., 630. When such bill of particulars is required or allowed the evidence offered at the trial must be confined to the specific items set forth in such bill. *Gruber v. Ewbanks*, 199 N. C., 335, 154 S. E., 318; *Pemberton v. Greensboro, N. C.*, 205 N. C., 599, 172 S. E., 196.

In the case at bar the plaintiff could not furnish the items constituting the account for the alleged reason that his books had been destroyed by fire. Manifestly under such circumstances the failure to file a list of the items constituting the claim did not preclude the plaintiff from establishing his debt by competent evidence. Otherwise, a fire would discharge a valid debt. Moreover, there was evidence that the defendant R. E. Currin had examined the account in the store of plaintiff, had observed the balance due and had promised to pay it. Consequently, the plaintiff was entitled to maintain his cause of action upon such promise. It is accepted law in this jurisdiction that when an account is rendered and accepted, or when so rendered there is no protest or objection to its correctness within a reasonable time, such acceptance or failure to so object creates a new contract to pay the amount due. *Gooch v. Vaughan*, 92 N. C., 610; *Copeland v. Telegraph Co.*, 136 N. C., 11, 48 S. E., 501; *Davis v. Stephenson*, 149 N. C., 113, 62 S. E., 900; *Richardson v. Satterwhite*, 203 N. C., 113, 164 S. E., 825.

Therefore the plaintiff offered competent evidence tending to establish the liability of defendant R. E. Currin upon the account in controversy.

However, the plea of the statute of limitations is a lion in the path of recovery. The account was made in 1922. The promise to pay was made in 1923. The suit was instituted in November, 1933. Upon the plea of the statute of limitations the burden is upon the plaintiff to show or to offer evidence tending to show that he has brought a live claim to court. *Rankin v. Oates*, 183 N. C., 517, 112 S. E., 32; *Phillips v. Penland*, 196 N. C., 425, 147 S. E., 731; *Drinkwater v. Telegraph Co.*, 204 N. C., 224, 168 S. E., 410.

While the plaintiff alleged that the defendants R. E. Currin and Lizzie Currin left the State in January, 1924, and since said time have been residents of the State of Georgia, such allegation was specifically denied in the answer, and there was no evidence offered at the trial of the nonresidence of defendants. See C. S., 411; *Lee v. McKoy*, 118 N. C., 518, 24 S. E., 210.

Hence the ruling of the trial judge was correct.

Affirmed.