HECTOR LITTLE v. MRS. LUCY SHORES.

(Filed 26 November, 1941.)

1. **Limitation of Actions § 12a—Each payment made upon an account cur-
   rent fixes a new terminus quo from which the statute starts to run
   anew as to all items not barred at the time of payment.**

   Each payment made upon a current account starts the running of the
   statute of limitations anew as to all items not barred at the time of pay-
   ment, and therefore when there have been successive payments within
   three years prior to the institution of action and the first such payment
   is made before any item of the account is barred, none of the items is
   barred. and an instruction that all items entered more than three years
   prior to the last payment are barred is erroneous. Furthermore, in this
   case, plaintiff offered evidence sufficient to be submitted to the jury that
   the account sued upon is an account stated and not an account current.

2. **Account Stated § 1—**

   An account becomes an account stated when a balance is struck and
   agreed upon as correct after examination, but express examination or
   agreement is not necessary. It may be implied by failure to object to the
   account within a reasonable time after the other party calculates the
   amount due and submits his statement of the account, or by part payment
   and promise to pay the balance, or by acknowledgment of its receipt and
   promise to pay the balance shown to be due.

APPEAL by plaintiff from *Pless, Jr., J.,* at September Term, 1941, of
RICHMOND. New trial.

Civil action to recover balance due on account for buttermilk sold and
delivered.

In July, 1934, plaintiff began to furnish to defendant buttermilk and
continued to do so to and including 3 July, 1938, at which time he dis-

continued delivery thereof. Defendant made intermittent payments during the period of delivery, the last being made 16 May, 1938. After plaintiff ceased to make delivery defendant made six payments of $5.00 each, the first being on 12 November, 1938, and the last being in January, 1940. The balance due, after crediting all payments, is $185.63. This action was instituted 10 September, 1940.

The defendant pleaded the three-year statute of limitations, contending that all items of the account created prior to January, 1937, three years next preceding the last payment, are barred.

The plaintiff offered evidence tending to show that each month he rendered the defendant an account showing the total amount then due and tending further to show that after he ceased delivering buttermilk he continued to carry her accounts each month; that she made payments thereon and told him that "she wished she had the money to pay me every cent . . . if she had the money she would pay every dime of it, after she stopped getting the milk."

Counsel for the defendant admitted that as he was unable to produce his witnesses he was making no attack on the amount of the account but was relying solely on his plea of the statute, C. S., 441 (1).

Upon the issue submitted the court instructed the jury as follows:

"The Court instructs you, gentlemen of the jury, that it appears from the itemized statement of account between the parties filed, that the last payment on this account was in January, 1940, the suit having been started in September, 1940, and the Court instructs you in accordance with a decision in the Supreme Court in 205 North Carolina Report that the plaintiff cannot recover for buttermilk sold and delivered to Mrs. Shores, prior to January, 1937.

"Now, the parties have made the tabulation and it is agreed that the amount of buttermilk from January, 1937, on up to date comes to one hundred and four dollars and fifty cents. The defendant is remitting any credits made after January, 1937, and upon that concession made by the defendant the Court instructs you that if you believe all the evidence that the plaintiff would be entitled to recover of the defendant the sum of one hundred and four dollars and fifty cents, with interest."

The jury answered the issue $104.50. From judgment thereon the plaintiff appealed.

*McLeod & Webb for plaintiff, appellant.*
*J. C. Sedberry for defendant, appellee.*

BARNHILL, J. Each payment made on the account stopped the running of the statute of limitations against all prior items then within date, and the payment made in November, 1938—the first payment made

after the last delivery of milk—fixed a new *terminus a quo* for the beginning of the running of the statute of limitations as to all items of the account which had been kept in date by payments theretofore made.

"So a partial payment, though the evidence need not be in writing, being an act and not a mere declaration, revives the liability because it is deemed a recognition of it and an assumption anew of the balance due." *Hewlett v. Schenck,* 82 N. C., 234; *Phillips v. Penland,* 196 N. C., 425, 147 S. E., 731; *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194. The payment is an acknowledgment of the debt and its effect is to stop the running of the statute of limitations against all items not then barred, and to fix a new *terminus a quo* from which the statute starts to run anew. *Supply Co. v. Banks,* 205 N. C., 343, 171 S. E., 358; *Supply Co. v. Dowd,* 146 N. C., 191.

The court below, undertaking to apply the rule stated in the *Banks case, supra,* used the last payment made as the criterion for determining the date upon which the statute of limitations began to run. This overlooks the fact that in the *Banks case, supra,* the payment noted was the first payment made within the three years next preceding the institution of the action. As a result, no effect is given to any payment other than the last.

Following the *Banks case, supra,* the payment of 12 November, 1938, is the true criterion.

Furthermore, the plaintiff offered evidence sufficient to be submitted to the jury tending to show that the account sued upon is an account stated.

To constitute a stated account there must be a balance struck and agreed upon as correct after examination and adjustment of the account. However, express examination or assent need not be shown—it may be implied from the circumstances. 1 C. J. S., 707.

An account becomes stated and binding on both parties if after examination the parties sought to be charged unqualifiedly approves of it and expresses his intention to pay it. *Ray v. Kings Estate,* 179 Pac., 821. The same result obtains where one of the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due, *Duerr v. Sloan,* 181 Pac., 407, 1 C. J. S., 711, or makes a part payment and promises to pay the balance. 1 C. J. S., 712.

"It is accepted law in this jurisdiction that when an account is rendered and accepted, or when so rendered there is no protest or objection to its correctness within a reasonable time, such acceptance or failure to so object creates a new contract to pay the amount due. *Gooch v. Vaughan,* 92 N. C., 611; *Copland v. Telegraph Co.,* 136 N. C., 11, 48

S. E., 501; *Davis v. Stephenson,* 149 N. C., 113, 62 S. E., 900; *Richardson v. Satterwhite,* 203 N. C., 113, 164 S. E., 845." *Savage v. Currin,* 207 N. C., 222, 176 S. E., 569.

The charge must be held for error prejudicial to the plaintiff.

New trial.