JOAN B. CARROLL v. McNEILL INDUSTRIES, INC.

No. 95

(Filed 29 December 1978)

1. Accounts § 2— account stated—showing required

To establish an account stated claimant must show: (1) a calculation of the balance due; (2) submission of a statement to the party to be charged; (3) acknowledgment of the correctness of the statement by that party; and (4) a promise, express or implied, by the party charged to pay the balance due.

**2. Accounts § 2— account stated—failure to show promise to pay**

It would be difficult to imply a promise to pay a balance due and, therefore, to find an account stated from the mere acknowledgment of the party to be charged of the correctness of an accountant's audit slip when the slip itself clearly stated "This is not a request for payment."

**3. Accounts § 2— account stated—original debt conditional**

Even if claimant established an account stated, the party to be charged would nevertheless be entitled to show that the debt forming the basis for the account was conditional; therefore summary judgment for claimant here was improper when the showing for the party to be charged was to the effect that the original debt was conditional.

**4. Accounts § 2; Evidence § 32.2— account stated—parol evidence—no inconsistency with written statement**

In an action to collect liquidating dividends on stock plaintiff owned in defendant corporation where defendant claimed by way of set-off that plaintiff owed it $3000 and claimed acknowledgment of the debt by plaintiff's signing of an audit slip, plaintiff's testimony concerning what the defendant's vice president and treasurer said to her about the audit slip was not violative of the parol evidence rule since plaintiff's testimony was not inconsistent with the substance of the audit slip.

ON petition for discretionary review of the decision of the Court of Appeals, 37 N.C. App. 10, 245 S.E. 2d 204 (1978), which affirmed judgment on a jury verdict in favor of plaintiff entered by *Phillips, J.,* at the 23 May 1977 Session of GASTON District Court.

*Harris and Bumgardner, by Jacqueline O'Neil Schultz and Don H. Bumgardner, Attorneys for plaintiff appellee.*

*James, McElroy & Diehl, by James H. Abrams, Jr., Attorneys for defendant appellant.*

EXUM, Justice.

Defendant McNeill Industries, Inc.'s appeal presents two questions. The first is whether the trial court erred in denying defendant's motion for summary judgment on its counterclaim. The second is whether certain of plaintiff's testimony was admitted into evidence in violation of the parol evidence rule. We hold that the answer to both is "No," and we affirm the decision of the Court of Appeals.

Plaintiff Joan B. Carroll instituted this action on 5 September 1975 to collect liquidating dividends on stock she owned in defend-

ant corporation. Defendant did not contest her entitlement to these dividends but claimed by way of set-off that plaintiff owed it $3000. Plaintiff denied this debt.

Defendant moved for summary judgment on its counterclaim on 11 May 1976. This motion was heard and denied just prior to trial in this action on 25 May 1977. Although there is some confusion in the record on this point, it seems both parties stipulated to these facts at the hearing on this motion: (1) plaintiff owned and operated as sole proprietor Joan's Kitchen; (2) Joan's Kitchen had received from defendant $3000, none of which had been repaid; (3) the books and records of Joan's Kitchen carried this amount as payable to defendant; and (4) plaintiff signed the following audit slip addressed to her:

"Dear Sirs:

According to our records, the balance receivable from you as of 12/29/74 was $3,000.00. If this agrees with your records, please sign this confirmation form in the space provided below; if it does not agree with your records, do not sign below but explain and sign on the reverse side. In either case, please return this form directly to our auditors, Haskins & Sells, 2000 Jefferson First Union Plaza, Charlotte, North Carolina 28282, for their use in connection with an examination of our accounts. A stamped and addressed envelope is enclosed for your reply.

McNeill Industries, Inc.

SIGN HERE if above is correct. (If incorrect, do not sign here but explain and sign on reverse side.)

THIS IS NOT A REQUEST FOR PAYMENT."

Defendant argues that its loaning the money coupled with plaintiff's signature on the audit slip constituted an account stated. Defendant further contends it was entitled to summary judgment on its counterclaim because plaintiff presented no evidence that raised a genuine issue of material fact on the question of her debt to defendant.

Plaintiff attempted to meet defendant's claim in two ways. First, she raised the following defense in her reply to defendant's counterclaim:

"1. That the defendant, by and through its executive officers, tendered to the plaintiff the sum of $3,000.00 as contribution to plaintiff's company so that the plaintiff's company could operate to the benefit of the defendant's employees.

2. That plaintiff was told by executives of the defendant that this money would never have to be repaid if the business owned by the plaintiff could not operate at a profit.

3. That based on the assurances and statements of the defendant and its executives, the plaintiff relied upon said promises and kept open the business.

4. That plaintiff's business was not profitable and went out of business and that no money was ever demanded by the defendant from the plaintiff until such time as the time [the defendant was] liquidated.

5. That the defendant, by and through his executives, at that point in time attempted to collect the money in order to clear their account so that a liquidation of the assets of the company could be made.

6. That the plaintiff in no way owes the defendant any amount of money and that if any amount of money is owed the defendant, it should be from the executives of said company individually."

Second, in her reply to a request for an admission that she had signed the audit slip, plaintiff said:

"Plaintiff admits that she signed the document attached as Exhibit "A" as set out in Request Number Six of the defendant's Request for Admissions, but shows further that this was not the admission of a loan or any amount owed but that only the records of the McNeill Industries, Inc. show that $3000.00 was outstanding."

Plaintiff's reply in essence raises the defense that there was a condition precedent to any obligation she had to repay $3000 to

defendant. This condition was that she make a profit in the business she was operating.

On defendant's motion for summary judgment, defendant made no showing regarding the profitability of plaintiff's business. At trial plaintiff testified essentially in accordance with her allegations. The jury apparently accepted her version of the transaction and returned a verdict in her favor.

Defendant could have prevailed on its motion for summary judgment nevertheless if (1) defendant established the existence of an account stated and (2) as a matter of law the existence of a condition precedent to an obligation to repay is not a defense in an action on account stated.

[1]   The basic rules on accounts stated are as set out in *Little v. Shores*, 220 N.C. 429, 431, 17 S.E. 2d 503, 504 (1941):

> "An account becomes stated and binding on both parties if after examination the part[y] sought to be charged unqualifiedly approves of it and expresses his intention to pay it. . . . The same result obtains where one of the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due. . . ."

An account stated is by nature a new contract to pay the amount due based on the acceptance of or failure to object to an account rendered. *Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 126 S.E. 2d 500 (1962); *Savage v. Currin*, 207 N.C. 222, 176 S.E. 569 (1934).

[1, 2]   Applying these rules to the case at hand, defendant had to show in order to establish an account stated: (1) a calculation of the balance due; (2) submission of a statement to plaintiff; (3) acknowledgment of the correctness of that statement by plaintiff; and (4) a promise, express or implied, by plaintiff to pay the balance due. The submission and signing of the audit slip clearly sufficed to show the first three elements. Whether it shows the fourth element is questionable. In signing the audit slip plaintiff merely agreed that both her books and defendant's books showed a receivable in defendant's favor of $3000. The audit slip stated clearly: "THIS IS NOT A REQUEST FOR PAYMENT." Under these cir-

cumstances, we would have difficulty implying a promise on the part of plaintiff to pay defendant $3000.

[3]  Even if defendant established an account stated, it would not have been entitled to summary judgment on its counterclaim because plaintiff was entitled to raise and did raise as a defense the existence of a condition precedent to her obligation to repay. The principle is well established that "[a]n account stated cannot be made to create a liability where none had previously existed." *Reconstruction Finance Corp. v. Commercial Union of America Corp.*, 123 F. Supp. 748, 756 (S.D.N.Y. 1954); *accord, Martin v. Stoltenborg*, 273 Ala. 456, 142 So. 2d 257 (1962); *Edwards v. Hoevet*, 185 Or. 284, 200 P. 2d 955 (1948); *Hemenover v. Lynip*, 107 Cal. App. 356, 290 P. 1089 (1930). The reason for this rule in cases where, as here, only a mere arithmetical computation of the amount due is involved is as follows:

> "A mutual accounting and the striking of a balance due are always accompanied by the debtor's promise to pay that balance and by the creditor's promise to accept it as full satisfaction. These promises, if not express, are reasonably to be inferred. If the accounting is accurate and the balance found is arithmetically correct, each party is promising exactly that which he is already legally bound to perform. Such a promise is ordinarily said to be insufficient as a consideration for a return promise. Nevertheless, the debtor's new promise, express or implied, may properly be described as a contract, even though there is no sufficient consideration given for it by the promisee — no bargained-for equivalent given in exchange. It is a promise to pay a pre-existing debt. . . . [T]he existing debt forms a sufficient basis for an enforceable new promise; and this is true even though the past debt has been barred by the statute of limitations. The past debt, however, is a sufficient basis only so far as it in fact existed; the new promise is enforceable only so far as it is co-extensive with that debt." 6 Corbin on Contracts § 1307, at 244 (1962).

This principle has direct application to these facts. Plaintiff claims her liability to defendant was conditional. Defendant asks us to make her liability absolute by refusing to recognize the possible existence of a condition as a defense to a suit on account stated. This is not the law. Plaintiff can be bound by an account stated

only to the extent of her pre-existing debt. She alleges that the pre-existing debt was conditional. Her acquiesence in the arithmetical correctness of the account cannot in and of itself make her liability absolute. Defendant's first assignment of error is overruled.

[4] Defendant next assigns as error the admission of certain of plaintiff's testimony which it claims was in violation of the parol evidence rule. Defendant's exception and assigment of error relate solely to the following testimony:

"Q. And what did he [Jack Parrish, defendant's Vice President and Treasurer] say to you about it?

A. He said, 'Joan, will you please sign that note for the auditors.' And I said, 'What note?' He said the one that you received through the mail. And I said, 'Jack, if I've got one, I don't even know anything about it.' I said, 'I will have to talk to my husband, Ken, and ask him if there was anything.' We got the second notice, because my husband throwed the first notice away. We got the second notice then, and Jack said that it was a note stating to the Company that they had let me have $3,000, and therefore I signed it.

MR. ABRAMS: Move to strike that testimony, Your Honor, as violating . . .

COURT: Overruled.

EXCEPTION NO. 2"

This testimony does not come into conflict with the parol evidence rule. We have no quarrel with defendant's general statement of the rule: "[I]n the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new or different contract from the one evidenced by the writing, is incompetent." *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953). The testimony of which defendant complains, however, is in no way at variance with the audit slip—the writing it supposedly contradicts. Plaintiff testified, "Jack stated that it was a note stating to the company that they had let me have $3000." The audit slip stated that, "Ac-

cording to our records, the balance receivable from you as of 12/29/74 was $3,000.00." This does not amount to the required showing of inconsistency to invoke the parol evidence rule.

Defendant's second assignment of error is overruled.

The decision of the Court of Appeals is

Affirmed.