■ COLLIER, COHEN, CRYSTAL & BOCK, Respondent, v FRANCIS W. MACNAMARA, Appellant. [655 NYS2d 10] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered February 21, 1996, which awarded plaintiff the sum of $78,768.81, and the order, same court and Justice, entered February 5, 1996, which granted plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, plaintiff's motion is denied and the judgment is vacated.

On a motion for summary judgment, evidence of an oral objection, with some specificity, to an account rendered is sufficient to rebut any inference of an implied agreement to pay the stated amount (*Shea & Gould v Burr*, 194 AD2d 369, 371; *Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d 626, *lv denied* 77 NY2d 802). In the matter at bar, the IAS Court erred when it held that defendant failed to offer sufficient proof that he raised timely objection to plaintiff's invoices, as the plaintiff's firm itself wrote to defendant acknowledging his complaints and, in its October 1993 motion to withdraw as counsel, the firm gave defendant's refusal to pay as its reason for seeking withdrawal, stating "upon receipt of the invoice, Mr. MacNamara expressed his intention not to pay the outstanding balance."

Further militating against summary disposition of this matter is the question of the reasonableness of the fees the firm is attempting to collect, to wit, $155,000 for less than six months work for defendant's interest in a partnership valued at less than $30,000. It is recognized that the courts possess the traditional authority "to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law" (*Matter of First Natl. Bank v Brower*, 42 NY2d 471, 474; *Gair v Peck*, 6 NY2d 97, *cert denied*

361 US 374; *Finkelstein v Kins*, 124 AD2d 92, 100, *appeal dismissed* 69 NY2d 1023). In view of the foregoing, and defendant's contention that he was never apprised of the extent of the fees the firm anticipated incurring in this case, summary judgment was improperly awarded. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.