OPINION OF THE COURT
Frank S. Rossetti, J.
Motion by petitioner is granted in part and otherwise continued, in accordance with the following: This application brings to the court the somewhat ticklish issue of what are reasonable legal fees for a petitioner’s attorneys in a guardianship proceeding under article 81 of the Mental Hygiene Law where such are subject to an independent retainer agreement. The complicating factor in this motion is that it does not solely involve a determination of the reasonableness of the legal fees to be assessed against the guardianship estate (c/., Mental Hygiene Law § 81.09 [f]; § 81.10 [f]; § 81.16 [f]; § 81.28 [a]).* Rather, movant, the petitioner herein and the son of the incapacitated person (and the guardian ultimately appointed), entered into a retainer agreement with his attorneys to bring on the guardianship proceeding. At the subsequent hearing (see, Mental Hygiene Law § 81.11) he stipulated that the fees payable to his attorneys would be in accordance with said agreement and the court would not otherwise be involved in the setting of such compensation. Said attorneys now seize on this stipulation as a waiver of any right to complain about the fees ultimately charged, but they make no showing that at the time of said alleged waiver Mr. De Santis had full knowledge of the fees that would subsequently and finally be billed to him. (See, Collier, Cohen, Crystal & Bock v MacNamara, 237 AD2d 152, 153; Matter of Jackson, 120 AD2d 309, 316, lv denied 69 NY2d 608; Epstein Reiss & Goodman v Greenfield, 102 AD2d 749, 750; Cohen v Ryan, 34 AD2d 789, 790; see also, Koral v Koral, 185 AD2d 298, 300.) More significantly, movant’s attorneys question the authority or power of this court to review the reasonableness of the subject compensation pursuant to at least one of the specific retainer agreements signed by movant *793 (see, n, supra; infra, at 793-794). However, the Court of Appeals has made clear that the judiciary has the inherent and statutory authority to review attorneys’ fees as part of the court’s power to regulate the practice of law (see, Matter of First Natl. Bank v Brower, 42 NY2d 471, 474, and case cited therein; see also, D’Antoni v Ansell, 184 AD2d 678, 680). We further observe that since at the least the initial retainers were paid from the funds of the incapacitated person (see, n, supra), this court has jurisdiction to review same in any event (see, Mental Hygiene Law § 81.16 [f|; § 81.28 [a]).
A procedural problem is that typically the review of legal fees is done as the result of an application under Mental Hygiene Law article 81 (see, id.) or a plenary action brought by the attorneys involved (see, e.g., Collier, Cohen, Crystal & Bock v MacNamara, supra). Nevertheless, it is certainly wasteful of scarce judicial resources to require a separate action when this court has over-all jurisdiction of attorney fees (and the associated costs) chargeable against the court’s ward or a litigant in this proceeding, particularly where both are subject to the court’s continuing jurisdiction. We are thus in a superior position to expeditiously determine the value of the services rendered, albeit the size of the guardianship estate may not necessarily be a critical factor in this determination (cf., Matter of Freeman, 34 NY2d 1, 9). Michael De Santis did enter into two separate retainer agreements, but these contracts were subject to a limitation of unconscionability or unreasonableness, and it is the duty of this court to enforce that limitation in furtherance of our authority to regulate the practice of law (see, Gair v Peck, 6 NY2d 97). We accordingly find we have jurisdiction to review the contested legal fees, both as to this proceeding and the Medicaid application made on the incapacitated person’s behalf, especially since both involve legal services performed for or on behalf of a ward of this court.
As indicated, the application at bar involves fee charges for (1) the instant article 81 proceeding, and (2) a Medicaid application made on behalf of the incapacitated person. The law firm at bar has not contested this court’s jurisdiction as to the former, but they do contend the second item is not subject to this court’s review. As found above, we have inherent authority to review the legal fees of attorneys before this court and we discern nothing in the circumstances of said Medicaid application which precludes us from making a fair and reasonable determination of the fees associated therewith. Indeed, our familiarity with the circumstances of the incapacitated person’s *794 condition makes this court as competent as any to review such fees.
The subject attorneys have submitted time sheets and a supporting affirmation as to the services performed in prosecuting the article 81 proceeding which resulted in Michael De Santis’ appointment as guardian. However, based on their misguided belief that this court lacked authority to review the legal services performed relative to said Medicaid application, they did not submit any similar supporting matter for this item. The burden of proof is on the attorneys to demonstrate that the fees charged are reasonable (see, Matter of Bizar & Martin v U.S. Ice Cream Corp., 228 AD2d 588, 589; Baye v Grindlinger, 78 AD2d 690; cf., Malamut v Doris L. Sassower, P. C., 171 AD2d 780, 781-782; see also, Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176, 177, 178), albeit apparently the Medicaid application by these attorneys was successful. Therefore, while we believe said attorneys should have provided information relative thereto, they obviously are entitled to some fee for services rendered in connection with their presumably successful application. Thus, we shall allow them time to submit factual data with respect thereto, either via papers or at a hearing.
As to the services performed in the article 81 proceeding, movant complains of several items and one is intra-office conferences amongst attorneys at the subject law firm. We make no judgments in this regard on the record at bar and believe as to this and other issues raised by movant that both sides may want to present further factual evidence or cross-examine the other side with respect thereto (see, Kipper v Kipper, 151 AD2d 377, 378-379). We therefore shall give them the opportunity to do so (see, Reisch & Klar v Sadofsky, 78 AD2d 517, 518-519; cf., Bankers Fed. Sav. Bank v Off W. Broadway Developers, 224 AD2d 376, 378).

 Of course, even had such a determination been made, it would not necessarily have collateral estoppel effect as far as Michael De Santis and his independent retainer agreements are concerned (see, Smitas v Rickett, 102 AD2d 928, 930). Said movant was the signatory on two $5,000 retainer agreements which were paid from the funds of the incapacitated person, one for the subject article 81 proceeding and the other for a Medicaid application for said person (see, infra, at 793-794). Movant is complaining of the excessiveness of the higher fee ultimately charged for the former and the excessiveness of the retainer for the services performed relative to the latter.