UNIFUND CCR PARTNERS, Plaintiff,
v.
RONALD M. DOVER, Defendant.
No. COA08-1566.
Court of Appeals of North Carolina.
Filed: July 21, 2009.
This case not for publication.
Brock & Scott, PLLC, by Richard P. Cook, for plaintiff.
Thomas B. Kakassy, P.A., by Thomas B. Kakassy, for defendant.
WYNN, Judge.
An account is stated when the following elements are shown: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the party to be charged] to pay the balance due."[1] Here, Plaintiff Unifund CCR Partners argues the trial court erred when it failed to find an account stated and granted Defendant's motion for summary judgment. Because there is insufficient evidence in the Record on Appeal to show an account stated between Plaintiff and Defendant Ronald M. Dover, we uphold the trial court's order.
Plaintiff contends that Chase Bank issued an America Online Visa credit card to Defendant on 7 March 1999. Defendant allegedly received monthly statements from Chase Bank reflecting charges against the line of credit. Just one such statement appears in the Record on Appeal; it is an invoice from Chase Card Services addressed to Defendant, showing a balance of $5,319.15 and a payment due date of 18 August 2006.[2]
A bill of sale in the Record on Appeal shows that Plaintiff purchased the rights to some of Chase Bank's credit card accounts effective 23 February 2007. The bill of sale assigned to Plaintiff "all rights, title and interest of [Chase Bank] in and to those certain receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes." Plaintiff alleges that it acquired the rights to Defendant's Visa account via this transaction. However, "Exhibit 1" is not included in the Record on Appeal, and the bill of sale makes no reference to Defendant's alleged Visa account.
Plaintiff filed a complaint on 9 November 2007 seeking to collect the amount owing, which was allegedly $6,287.96. Plaintiff attached to its complaint: 1) Chase Bank's invoice to Defendant; 2) the bill of sale allegedly acquiring the rights to Defendant's account; and 3) an "Affidavit of Indebtedness" executed on 16 August 2007 by Plaintiff's "Authorized Representative." The Affidavit of Indebtedness alleges that $6,196.64 was due and owing on Defendant's account. Defendant filed an answer pro se, indicating that he had sought a court date and intended to challenge the lawsuit.
Defendant has generally denied and sought proof of any account with Plaintiff or Chase Bank at every stage of this dispute. In the Record on Appeal is a letter from Defendant addressed to Plaintiff's counsel dated 24 October 2007 (prior to the filing of the complaint) stating:
In reference to your letter dated 25 Sept 2007. . . I am disputing the entire amount of $6,260.76. I do not know who you are or who Unifund CCR Partners are and I do not owe them any monies. Should you have a document with my signature on it stating that I owe them money please forward it to me so I can have my attorney examine it and decide what legal action needs to be taken.
On 27 April 2008, Defendant sent another letter to Plaintiff's counsel specifically requesting "any documents that you have that has my signature stating that I either charged or borrowed money form (sic) them. This is the third request for this information I have submitted to you and the court." That letter was filed as a request for discovery in the trial court on 7 May 2008.
Plaintiff moved for summary judgment on 28 February 2008, and Defendant filed a cross-motion for summary judgment on 5 June 2008. The parties stipulate that on 9 June 2008, the trial court denied summary judgment to both parties, finding genuine issues of material fact.
Plaintiff served Requests for Admissions on Defendant on 3 September 2008. In part, Plaintiff requested Defendant to admit: 1) that Defendant received the benefit of the Visa credit card; 2) that Defendant received regular statements related to that credit card account; 3) that Defendant failed to dispute any charges related to the credit card account; 4) that Defendant last made a payment on the credit card account on 28 November 2004; and 5) that interest began accruing on the unpaid principal on 31 July 2005. Defendant filed responses on 12 September 2008, denying nearly every request for admission, and typically stating, "I have no records of any statements ever received for this account." After a hearing on 13 October 2008, the trial court granted summary judgment to Defendant in an order entered on 20 October 2008.
Plaintiff appeals from that judgment arguing the trial court erred because: (I) Defendant's unverified pleadings raised no genuine issues of material fact and Plaintiff was entitled to judgment as a matter of law; (II) Defendant's pleadings failed to raise the statute of limitations defense and Plaintiff filed its complaint within the three year limitations period; and (III) Plaintiff's Requests for Admissions should have been deemed admitted because Defendant's responses did not comply with Rule 36 of the North Carolina Rules of Civil Procedure.

I.
Plaintiff first contends that its proffered evidence (the "Affidavit of Indebtedness," the alleged invoice from Chase Bank to Defendant, and the bill of sale), combined with Defendant's failure to dispute the accuracy of the amount demanded on the invoice from Chase Bank, created an "account stated." We disagree.
This Court reviews the trial court's grant of summary judgment to Defendant de novo. Wiggs v. Peedin, __ N.C. App. __, __, 669 S.E.2d 844, 847 (2008). "Summary judgment is proper `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" Draughon v. Harnett County Bd. of Educ., 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001)), aff'd per curiam, 358 N.C. 131, 591 S.E.2d 521 (2004). "A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." Id. (citations omitted). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." In re Will of Jones, 362 N.C. 569, 573-74, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).
A party may show an account stated by proving these four elements: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the party to be charged] to pay the balance due." Carroll, 296 N.C. at 209, 250 S.E.2d at 62. Moreover,
[a]n account becomes stated and binding on both parties if after examination the part(y) sought to be charged unqualifiedly approves of it and expresses his intention to pay it. . .. The same result obtains where one of the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due . . . .
Id. (quoting Little v. Shores, 220 N.C. 429, 431, 17 S.E.2d 503, 504 (1941)). However, a party to be charged may also acknowledge the correctness of a statement by failing to object within a reasonable time. Mazda Motors of Am., Inc. v. Sw. Motors, Inc., 36 N.C. App. 1, 18, 243 S.E.2d 793, 804 (1978), aff'd in part, 296 N.C. 357, 250 S.E.2d 250 (1979).
Plaintiff contends that the invoice from Chase Bank addressed to Defendant is "a verified itemized statement" showing prima facie correctness of the account it purportedly states. N.C. Gen. Stat. § 8-45 states:
In any actions instituted in any court of this State upon an account for goods sold and delivered, for rents, for services rendered, or labor performed, or upon any oral contract for money loaned, a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness.
N.C. Gen. Stat. § 8-45 (2009). Plaintiff's evidence is insufficient to show an account stated for several reasons.
First, assuming the alleged credit card account fits within any of the categories enumerated in section 8-45, Chase Bank's invoice to Defendant is hardly an "itemized statement." The invoice shows only a "previous balance," a $70.00 charge for "purchases, cash, debits," finance charges, a late fee, and an overlimit fee. There is no itemization of credit extended to cover individual transactions. See Claus-Shear Co. v. E. Lee Hardware House, 140 N.C. 552, 553, 53 S.E. 433, 434 (1906) (finding a duly itemized and verified statement that "sets out the number and kind of shears, scissors, and razors shipped, the catalogue numbers, price per dozen, and discounts allowed on each.").
Second, the "Affidavit of Indebtedness" does not verify the invoice because although the affiant asserts that she has personal knowledge of an existing debt between Plaintiff and Defendant, no factual basis for such debt is stated in the affidavit or elsewhere in the Record on Appeal. There is no evidence that the affiant was in any way connected to the establishment or maintenance of the alleged credit card account with Chase Bank or the alleged acquisition of the account by Plaintiff from Chase Bank. See Bramco Elec. Corp. v. Shell, 31 N.C. App. 717, 719, 230 S.E.2d 576, 577 (1976) ("An affiant who verifies an account of goods sold and delivered, which is to be received into evidence and taken as prima facie evidence of its correctness pursuant to said statute, shall be regarded and dealt with as a witness pro tanto, and to such extent must meet the requirements and is subject to the qualifications and restrictions as other witnesses."). Accordingly, there is no showing of the affiant's competency to testify to anything further than Plaintiff's acquisition of accounts from Chase Bank, as noted by the bill of sale.
Furthermore, Plaintiff has not established that Defendant accepted the correctness of the statement, or that he made either an express or implied promise to pay the balance allegedly due. Instead, there is ample proof in the Record on Appeal that Defendant disputed the entire amount demanded, and indeed denied that he held any account with Chase Bank that could have been transferred to Plaintiff. The evidence in the Record on Appeal is not sufficient to establish an account stated between Chase Bank and Defendant.
Plaintiff also argues that Defendant acknowledged the correctness of the balance allegedly owed and made an implied promise to pay that amount by failing to object to the statement within the 60 days provided. This argument fails on multiple fronts. First, there is insufficient proof that Defendant ever received the statement. The only thing proven in this record is that the statement was sent to an address where "RMD Associates" receives mail, but no proof links that entity to Defendant. Second, no other statements or other evidence appears in the Record on Appeal that could support the inference that Chase Bank and Defendant had an open, ongoing account. While Plaintiff cites a case for the proposition that a promise to pay may be implied by the party-to-be-charged's failure to object on the terms of the parties' agreement, that case involved an undisputed debtor-creditor relationship. See Paine, Webber, Jackson and Curtis, Inc. v. Stanley, 60 N.C. App. 511, 515, 299 S.E.2d 292, 295 (1983). Accordingly, this assignment of error is overruled.

II.
In its next assignment of error, Plaintiff contends that Defendant's pleadings failed to raise the statute of limitations defense, which should not be a basis for upholding the grant of summary judgment to Defendant.
We note that Defendant did not assert the statute of limitations at summary judgment or on appeal and the trial court's order does not mention the statute of limitations as a basis for granting summary judgment to Defendant. Furthermore, we need not decide whether Plaintiff filed its complaint within the statute of limitations because we have already concluded that the evidence is insufficient to show an account stated. Accordingly, this assignment of error is overruled.

III.
In its final assignment of error, Plaintiff contends that Defendant's responses to its Requests for Admissions were insufficient, and thus should be deemed admitted. Plaintiff asserts this argument for the first time on appeal. A party claiming insufficient answers to requests for admissions, and seeking to have those requests deemed admitted, must first move the trial court to determine the sufficiency of the responses and obtain a ruling. S. Nat'l Bank of N.C. v. B & E Constr., Inc., 46 N.C. App. 736, 738-40, 266 S.E.2d 1, 2-3 (1980). No motion to compel or other request for the trial court to compel more complete answers appears in the Record on Appeal. Because there is no evidence of either a request or a ruling in this case, this question is not properly before this Court.
Affirmed.
Judges STROUD and BEASLEY concur.
Report per Rule 30 (e).
NOTES
[1] Carroll v. McNeill Indus., Inc., 296 N.C. 205, 209, 250 S.E.2d 60, 62 (1978).
[2] During discovery, Defendant denied that he personally received mail at the post office box address noted on the statement, but he admitted that "RMD Associates" received mail at that post office box. However, there is no affirmative proof in the Record on Appeal connecting Defendant to "RMD Associates."