**MAST, MAST, JOHNSON, WELLS & TRIMYER, P.A. v. LANE**

[228 N.C. App. 294 (2013)]

MAST, MAST, JOHNSON, WELLS & TRIMYER, P.A.
v.
KEITH LANE

No. COA12-1378

Filed 16 July 2013

**Attorney Fees—no showing of reasonableness required—account stated**

The trial court did not err in a case involving a dispute over attorney fees by entering summary judgment in favor of plaintiff law firm even though there had been no showing as to the reasonableness of the fees to be collected. The trial court's determination that the account was stated foreclosed the issue concerning the reasonableness of the attorney fees.

Appeal by defendant from order entered 4 June 2011 by Judge Albert A. Corbett, Jr., in Johnston County District Court. Heard in the Court of Appeals 27 March 2013.

*Mast, Mast, Johnson, Wells & Trimyer, by George B. Mast and Ron L. Trimyer, Jr., for plaintiff appellee.*

*Haithcock, Barfield, Husle & Kinsey, PLLC, by Worth T. Haithcock, II, for defendant appellant.*

McCULLOUGH, Judge.

Keith Lane ("defendant") appeals from the trial court's entry of an order for summary judgment. For the following reasons, we affirm.

## I. Background

Defendant retained the law firm of Mast, Schulz, Mast, Mills & Stem, P.A., now doing business as Mast, Mast, Johnson, Wells & Trimyer, P.A. ("plaintiff"), in November of 2000 to represent him in a legal dispute over money paid to Lane Farms, of which defendant was a partial owner. At that time, defendant executed plaintiff's Minimum Fee Employment Agreement (the "Fee Agreement"), whereby defendant agreed to pay plaintiff "a minimum reasonable fee of $205.00 per hour[.]" The Fee Agreement further provided:

(5) Client(s) understands that THIS IS NOT A CONTINGENCY FEE CONTRACT and that client(s) will

pay the fee charged by attorneys regardless of the out-
come or results obtained in these legal matters.

> (6) Client(s) understands that a bill representing the
> amount owed attorneys for services rendered pursuant
> to this contract will be mailed to client on or about the
> first day of each month. Client(s) agrees to pay the out-
> standing balance shown on this bill within thirty days of
> its receipt. Statements of account mailed to client(s) will
> be deemed conclusive of the account if client(s) does not
> object in writing within ten days after the statement of
> account is mailed to client(s).

Since the rendition of legal services began in November of 2000, plain-
tiff has submitted monthly invoice statements of defendant's account to
defendant in accordance with the Fee Agreement.

In 2001, defendant received a bill from plaintiff for about $4,000.00
and was concerned about how he would be able to pay it. In contradic-
tion with the terms of the Fee Agreement, defendant swore in his affi-
davit that George Mast, of plaintiff, informed him that the fees would be
paid from money plaintiff recovered on his behalf. Thereafter, defendant
sought additional legal services from plaintiff in 2004 concerning the
recovery of a ring. The fees resulting from these services were added to
the monthly invoice statements.

After the rendition of legal services to recover the ring, defendant
made payments to plaintiff over the course of three years, from 2005 to
2008, totaling $290.00. During the course of these payments, defendant
sent plaintiff a letter dated 25 September 2006, apologizing for the late-
ness of his reply but stating he would continue to make payments "as
often as possible to pay off [his] balance." Defendant's last payment on
the account was on 26 November 2008. Following the 26 November 2008
payment, the account reflected an outstanding balance of $43,470.86
owed to plaintiff.

By letter dated 19 January 2011, plaintiff informed defendant that
defendant owed $43,470.86. The letter also informed defendant of the
North Carolina State Bar's fee dispute resolution program and that plain-
tiff would institute legal action for collection of the fees if payment was
not received, some alternative arrangement was not agreed upon, or
defendant had not sought mediation under the fee dispute resolution
program by 21 February 2011. After no response from defendant, plain-
tiff instituted this action to collect the $43,470.86 in outstanding attorney
fees by complaint filed 14 March 2011. An alias and pluries summons

was issued on 17 November 2011. Defendant responded by answer filed 30 January 2012. In his answer, defendant asserted the statute of limitations and laches as affirmative defenses.

Plaintiff moved for summary judgment on 24 April 2012 and the motion came on for hearing at the 4 June 2012 Civil Session of Johnston County District Court before the Honorable Albert A. Corbett, Jr. Following the hearing, the trial court entered an order granting summary judgment in favor of plaintiff. In the order, the trial judge found that the $43,470.86 owed to plaintiff by defendant for legal services was an account stated on the basis that "[d]efendant failed to protest or object to the statement of account within a reasonable period of time after receiving the statements[.]" Defendant appeals.

## II. Analysis

The sole issue on appeal is whether the trial court erred by entering summary judgment in favor of plaintiff where there had been no showing as to the reasonableness of the attorney fees to be collected. "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

Defendant specifically argues that summary judgment was not appropriate in this case because there is a genuine issue of material fact regarding the reasonableness of the attorney fees sought to be recovered by plaintiff that was not foreclosed by the trial court's determination that the account rendered had become an account stated. We do not agree.

"An account stated is by nature a new contract to pay the amount due based on the acceptance of or failure to object to an account rendered." *Carroll v. Industries, Inc.*, 296 N.C. 205, 209, 250 S.E.2d 60, 62 (1978). "It is an agreement between parties that an account rendered by one of them to the other is correct. Once this agreement is made the account stated constitutes a new and independent cause of action superseding and merging the antecedent cause of action." *Mahaffey v. Sodero*, 38 N.C. App. 349, 351, 247 S.E.2d 772, 774 (1978). There are four basic elements to an account stated cause of action: "(1) a calculation of the balance due; (2) submission of a statement to [the party to be charged]; (3) acknowledgment of the correctness of that statement by [the party to be charged]; and (4) a promise, express or implied, by [the

party to be charged] to pay the balance due." *Carroll*, 296 N.C. at 209, 250 S.E.2d at 62.

Although defendant does not directly challenge the trial court's determination that the account at issue in this case was stated, we feel it necessary to address the issue because we hold the determination of a valid action on an account stated is the critical inquiry and forecloses the issue as to the reasonableness of attorney fees.

It is evident that the first and second elements for an account stated cause of action are satisfied in the present case. Plaintiff sent defendant monthly invoice statements beginning November 2000 and a letter dated 19 January 2011 demanding action on the account. In regard to the third and fourth elements, an acknowledgment of the correctness of an account by the party to be charged and a promise to pay the account by the party to be charged may be express or implied. *Id.*

In the present case, there is evidence of both an express agreement and an implied agreement.

> "An account becomes stated and binding on both parties if after examination the part(y) sought to be charged unqualifiedly approves of it and expresses his intention to pay it. . . . The same result obtains where one of the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due. . . ."

*Id.* (quoting *Little v. Shores*, 220 N.C. 429, 431, 17 S.E.2d 503, 504 (1941)). Here, defendant made payments on the account between 2005 and 2008. Furthermore, in a letter to plaintiff dated 25 September 2006, defendant "apologize[d] [for] the lateness of [his] reply" and stated that "[he would] send an amount [he could] afford as often as possible to pay off [his] balance."

"[An] agreement may be . . . implied by failure [of the party to be charged] to object within a reasonable time after the other party has calculated the balance and submitted a statement of the account." *Mazda Motors v. Southwestern Motors*, 36 N.C. App. 1, 18, 243 S.E.2d 793, 804 (1978), *aff'd in part and rev'd in part*, 296 N.C. 357, 250 S.E.2d 250 (1979). Generally, what constitutes a reasonable amount of time is a question for the jury. *Nello L. Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 532, 126 S.E.2d 500, 508 (1962); *see also Mahaffey*, 38 N.C. App. at 351, 247 S.E.2d at 774 ("The retention by the defendant of the account did not

of itself create a cause of action. It is a jury question as to whether the defendant by the retention of the statement of the account agreed that it was correct and agreed to pay it."). Therefore, summary judgment is generally inappropriate. However, in *Paine, Webber, Jackson & Curtis, Inc. v. Stanley*, 60 N.C. App. 511, 299 S.E.2d 292 (1983), this Court upheld a grant of summary judgment in favor of the party owed in an account stated action where the agreement between the parties required the person to be charged to object to the account in writing within 10 days of receipt of the account statement and the party to be charged failed to do so. *Id.* at 515, 299 S.E.2d at 295. In *Paine*, we reasoned that there was no question of reasonableness for the jury to decide where the terms of the agreement established the time for objection.

Although the *Paine* decision dealt with an unpaid balance on a commodity futures account and not attorney fees, we find the reasoning in *Paine* instructive. The Fee Agreement in this case specifically provided that "[c]lient(s) agrees to pay the outstanding balance shown on this bill within thirty days of its receipt. Statements of account mailed to client(s) will be deemed conclusive of the account if client(s) does not object in writing within ten days after the statement of account is mailed to client(s)." Furthermore, in accordance with the Fee Agreement, plaintiff sent monthly invoices to defendant beginning November 2000. Not only did defendant not object to the reasonableness of the fees within the period set forth in the Fee Agreement, defendant did not object to the reasonableness of the fees until after plaintiff instituted this action to collect the fees over ten years after plaintiff began sending defendant account statements. Additionally, defendant took no action in response to the 19 January 2011 letter from plaintiff demanding payment on the account; defendant did not make any payments, did not seek an alternative agreement for payments, and did not seek mediation pursuant to North Carolina State Bar's fee dispute resolution program.

As a result of defendant's payments on the account, defendant's promise to continue making payments as he could afford, defendant's failure to object to the account rendered within a reasonable time, and defendant's failure to take action after receiving notice from plaintiff regarding the fee dispute resolution program sponsored by the North Carolina State Bar, we uphold the trial court's determination that the account was stated.

Having determined that the account was stated, the only remaining issue is whether defendant's challenge to the reasonableness of the attorney fees is foreclosed by the determination that the account is stated. Defendant argues that the reasonableness of attorney fees

should not be foreclosed where North Carolina Rule of Professional Conduct 1.5(a) mandates that "[a] lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee or charge or collect a clearly excessive amount for expenses." N.C. R.P.C. 1.5(a) (2003). Rule 1.5 further provides factors to be considered when determining the reasonableness of attorney fees. *See id.*

We have found no North Carolina case law addressing whether the reasonableness of attorney fees is foreclosed by a determination that an account rendered has become stated. Furthermore, our research reveals that other jurisdictions have come to different conclusions. *See In re Marriage of Angiuli*, 134 Ill. App. 3d 417, 480 N.E.2d 513 (Ill. App. Ct. 1985) (Holding an account stated is not conclusive when an attorney sues a client for fees.); *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc.*, 115 N.M. 152, 848 P.2d 1079 (1993) (Affirming summary judgment on the ground that, absent fraud or mutual mistake, client could not challenge the reasonableness of attorney fees following payment because payment established the client's assent to the amount and established an account stated.). The divergence on the issue is even more apparent considering that different appellate courts in New York have come to different conclusions. *See Collier, Cohen; Crystal & Bock v. MacNamara*, 237 A.D.2d 152, 655 N.Y.S.2d 10 (1997) (vacating summary judgment in account stated action where there was evidence of an objection to the account rendered and issues concerning the reasonableness of attorney fees remained); *O'Connell and Aronowitz v. Gullo*, 229 A.D.2d 637, 638, 644 N.Y.S.2d 870, 871 (1996) ("It is not necessary to establish the reasonableness of the [attorney] fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness[.]"). Nevertheless, based on the facts of this case, the nature of account stated causes of action, and the fact that a timely objection by defendant to the reasonableness of the attorney fees in question would have prevented the account from becoming stated, we hold that the determination that the account was stated foreclosed the issue concerning the reasonableness of the attorney fees sought to be collected by plaintiff.

### III. Conclusion

For the reasons discussed above, we find no genuine issue of material fact and determine plaintiff is entitled to judgment as a matter of law. Thus, we affirm the order of summary judgment entered by the trial court.

Affirmed.

Judges BRYANT and HUNTER, JR. (Robert N.) concur.